

**THE SUPREME COURT OF TEXAS**
Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

June 30, 2006

Mr. William S. Hommel Jr.
Williams S. Hommel, Jr., P.C.
3304 S. Broadway, Suite 100
Tyler, TX 75701

Ms. Melanie S. Reyes
Flowers Davis, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, TX 75701

RE:   Case Number: 04-0813
      Court of Appeals Number: 12-03-00170-CV
      Trial Court Number: 45,962-A

Style: CITY OF TYLER, TEXAS
       v.
       TIMOTHY L. BECK AND SUSAN G. BECK

FILED IN COURT OF APPEALS
12th Court of Appeals District

JUL - 5 2006

TYLER, TEXAS
CATHY S. LUSK, CLERK

Dear Counsel:

Pursuant to Texas Rule of Appellate Procedure 59.1, after granting the petition for review and without hearing oral argument, the Court reverses the court of appeals' judgment and remands the case to the trial court and delivered the enclosed per curiam opinion and judgment in the above-referenced cause.

Sincerely,

Andrew Weber

Andrew Weber, Clerk

by Claudia Jenks, Chief Deputy Clerk

Enclosures
cc:  Ms. Cathy S. Lusk
     Ms. Judy Carnes

# IN THE SUPREME COURT OF TEXAS

No. 04-0813

FILED IN COURT OF APPEALS
12th Court of Appeals District

JUL - 5 2006

TYLER, TEXAS
CATHY S. LUSK, CLERK

CITY OF TYLER, TEXAS, PETITIONER,

v.

TIMOTHY L. BECK AND SUSAN G. BECK, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS

**PER CURIAM**

Timothy and Susan Beck owned real property that the City of Tyler initiated proceedings to condemn. Three appointed special commissioners assessed damages to the Becks and entered an award. TEX. PROP. CODE § 21.014. The City, and then the Becks, filed objections to the award and sent copies to opposing counsel, but neither issued formal service of citation on the other as the Property Code requires. *Id.* § 21.018(b); *see also Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex. 1985) (citing *Denton County v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962)). The trial court dismissed the case for want of prosecution due to lack of service and reinstated the award. The court of appeals affirmed, holding that conversion of an administrative condemnation proceeding into a judicial one, which operates to vacate the commissioners' award, turns upon service of citation, the absence of which in this case demonstrated a failure to prosecute. ___ S.W.3d ___. We disagree. Judicial condemnation proceedings commence when an objection to the award

is filed; if service of citation is not timely secured, the award is subject to reinstatement. In this case, both parties invoked the judicial process by filing objections to the commissioners' award, and each participated in the judicial proceedings with notice of the other's objections. Under these circumstances, we hold that the purposes of the formal citation requirement were met and the trial court erred in dismissing the case. Accordingly, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

The Texas eminent-domain scheme is a two-part process that begins with an administrative proceeding followed, if necessary, by a judicial one. *Amason*, 682 S.W.2d at 241. The condemning entity initiates a condemnation proceeding by filing a petition in the proper court. TEX. PROP. CODE § 21.012. The court then appoints three special commissioners to conduct a hearing and determine just compensation. *Id.* §§ 21.014-15. Once the commissioners have made an award, the condemnor, if satisfied, must pay the amount of the award to the condemnee, deposit that amount in the court's registry, or post a sufficient bond. *Id.* § 21.021(a). Condemnation proceedings are administrative in nature "[f]rom the time the condemnor files the original statement seeking condemnation up to the time of the Special Commissioners' award." *Amason*, 682 S.W.2d at 242.

Either party may challenge the special commissioners' award by filing objections in the same court. TEX. PROP. CODE § 21.018(a). Upon the filing of objections, the award is vacated and the administrative proceeding converts into a judicial proceeding. *Denton County*, 361 S.W.2d at 200. The objecting party must secure service of citation on the adverse party and try the case in the manner of other civil causes. TEX. PROP. CODE § 21.018(b); *see also Amason*, 682 S.W.2d at 242. Although the Property Code specifically provides that "the court shall cite the adverse party," TEX.

2

PROP. CODE § 21.018(b), we have clarified that it is incumbent upon the objecting party to serve the adverse party with citation of the objections. *Amason*, 682 S.W.2d at 242. If the objecting party fails to do so within a reasonable time, the trial court should dismiss the objections for want of prosecution and reinstate the special commissioners' award. *See Amason*, 682 S.W.2d at 242.

The City claims that formal citation is obviated when the opposing party makes a general appearance. The City asserts that the Becks made a general appearance and submitted to the court's jurisdiction by filing their own objections to the award, and therefore the trial court erred in its dismissal for lack of citation. The Becks counter that their filing in no way discharged the City's procedural obligation to serve them with citation. They argue that citation becomes unnecessary only when a party clearly demonstrates actual notice of the opposing side's objections. The Becks maintain that their actions do not demonstrate any recognition of the City's pending objections, and therefore service was necessary to proceed.

The service requirement affords a means for the court to acquire jurisdiction over the party to be served.[1] The circumstances of this case demonstrate that the purpose of the service of citation requirement was satisfied because the Becks, by filing their own objections, invoked the judicial process and the court acquired *in personam* jurisdiction over them. *See Denton County*, 361 S.W.2d

---

[1] *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (noting that absent consent, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied"); *Bolden v. Greenpoint Mortgage Funding, Inc.*, No. 3:04-CV-0379-P, 2004 U.S. Dist. LEXIS 20508, at *14 (N.D. Tex., Oct. 13, 2004) ("The chief purpose of service of process is to provide 'notice of the pendency of a legal action . . . .'") (citation omitted); *Rose v. Rose*, 117 S.W.3d 84, 87 (Tex. App.—Waco 2003, no pet.) ("Without actual service on a defendant or an effective substitute for service, a trial court generally lacks the power to render judgment against the defendant. . . . The purpose of service of citation is to ensure that the defendant has notice of the suit."); *TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 318 (Tex. App.—Austin 2002, no pet.) ("Generally, the purpose of citation is to give the court jurisdiction over the parties and to provide notice to the defendant . . . .").

3

at 200. We also note that the City's objections were served on the Becks' counsel by mail. *See* TEX. R. CIV. P. 21a. Although service was not by citation, the Becks were already before the court and the purposes of formal citation were met. Accordingly, the trial court erred in dismissing the case for want of prosecution. *See State v. Reeh*, 434 S.W.2d 416, 418 (Tex. Civ. App.—San Antonio 1968, writ ref'd n.r.e.) (holding that service was rendered unnecessary by the State's participation in a condemnation judicial proceeding and noting that the "State does not contend that it did not receive a copy of the condemnees' objections, or that it was in any manner prejudiced by the failure of condemnees to cite it ").

The Becks also contend the City failed to timely perfect its appeal. The City filed two post-judgment motions, a Motion for New Trial and a Verified Motion to Reinstate, shortly after the trial court's order dismissing the case. The City filed its appeal more than thirty days after the judgment, the default period allowed to perfect an appeal, but within ninety days of the judgment, the extended period allowed when a post-judgment motion is filed. *See* TEX. R. APP. P. 26.1. The Becks argue that the City's post-judgment motions did not extend the time to perfect appeal because the motions were filed by new counsel who had not been designated as the City's attorney in charge. We disagree. Rule 8 of the Texas Rules of Civil Procedure provides that "[a]ll communications ... with respect to a suit shall be sent to the attorney in charge," and that any change of that designation must be made by written notice to the court and the other parties. TEX. R. CIV. P. 8. However, nothing in the rule indicates that a motion filed by an attorney other than the designated attorney in charge is void or that other attorneys are not authorized to act on behalf of the party. The City's post-judgment motions properly extended the plenary power of the court and the time for appeal.

Accordingly, we grant the City's petition for review and without hearing oral argument, reverse the court of appeals' judgment and remand the case to the trial court for further proceedings consistent with this opinion. TEX. R. APP. P. 59.1.

OPINION DELIVERED: June 30, 2006.

# IN THE SUPREME COURT OF TEXAS

No. 04-0813

CITY OF TYLER, TEXAS, PETITIONER,

v.

TIMOTHY L. BECK AND SUSAN G. BECK, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS

FILED IN COURT OF APPEALS
12th Court of Appeals District

JUL - 5 2006

TYLER, TEXAS
CATHY S. LUSK, CLERK

## **JUDGMENT**

THE SUPREME COURT OF TEXAS, having heard this cause on petition for review from the Court of Appeals for the Twelfth District, and having considered the appellate record and counsels' briefs, but without hearing oral argument under Texas Rule of Appellate Procedure 59.1, concludes that the court of appeals' judgment should be reversed.

IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that:

1) The judgment of the court of appeals is reversed;

2) The cause is remanded to the trial court for further proceedings consistent with this Court's opinion; and

3) Petitioner City of Tyler shall recover, and respondents Timothy L. Beck and Susan G. Beck shall pay, the costs incurred in this Court.

Copies of this judgment and the Court's opinion are certified to the Court of Appeals for the Twelfth District and to the County Court at Law No. 2 of Smith County, Texas, for observance.

Opinion of the Court Delivered Per Curiam

June 30, 2006

**********