# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00325-CV

**Marion H. Wills and Florrie Wills, Appellants**

**v.**

**City of San Marcos, Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 11455-C, HONORABLE ANNA M. BOLING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Marion H. Wills and Florrie Wills, as condemnees, filed objections to a special commissioners' award but did not cause citation to be issued and served on appellee the City of San Marcos for approximately twenty months. *See* Tex. Prop. Code Ann. § 21.018 (West 2003); *City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006); *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex. 1985); *Denton County v. Brammer*, 361 S.W.2d 198, 200-01 (Tex. 1962). Shortly after being served with the citation, the City moved to dismiss appellants' objections and reinstate the award on the ground that appellants did not cause citation to be issued and served within a reasonable time. After a hearing, the trial court granted the City's motion and rendered judgment dismissing appellants' objections for want of prosecution and reinstating the special commissioners' award. For the reasons that follow, we affirm the trial court's judgment.

In October 2007, the City of San Marcos filed a petition for condemnation, seeking to condemn certain interests of Catherine Wonderly, Curtis Wonderly, and appellants in real property. The matter was submitted to special commissioners in November 2007. After a hearing, the special commissioners filed their award with the trial court. Appellants thereafter filed objections to the award, contending that the award was insufficient and that the measure of damages employed by the special commissioners was legally erroneous.

Although appellants' counsel certified that he served a copy of the objections on counsel for the City by certified mail contemporaneously with filing the objections, appellants did not serve the City with citation until August 2009. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.024(b) (West 2008) ("In a suit against an incorporated city, town, or village, citation may be served on the mayor, clerk, secretary, or treasurer."). On September 3, 2009, the City filed a motion to dismiss appellants' objections for want of prosecution and to reinstate the special commissioners' award. The City urged that appellants had failed to secure service of citation within a reasonable time and, therefore, that it was the trial court's duty to dismiss the objections and reinstate the award.

Appellants filed a written response to the City's motion, and their counsel testified at a hearing on the City's motion. Appellants' response set forth facts concerning serious health problems of appellants' counsel, and their counsel testified at the hearing as to his health problems. He testified that, during the time period between filing appellants' objections and serving the City with citation, he was hospitalized for extended periods and that he "was without capacity to do much about [this case]" and "[had] done the best that [he] could." He also testified to an attempt at service in April 2009. After the hearing, the trial court granted the City's motion, signing a final judgment

2

dismissing the objections for want of prosecution and reinstating the special commissioners' award. This appeal followed.[1]

In two issues, appellants contend that: (i) the trial court erred in dismissing their objections to the special commissioners' award for want of prosecution at a point in time when the City had generally appeared and been served with citation, and (ii) the trial court erred by dismissing their objections without hearing or taking into account the extenuating circumstances of their counsel's health problems. Appellants' issues are substantively the same as the issues raised by the appellants in *Charles C. Laidley and Dorothy Laidley v. City of San Marcos*, cause number 03-10-00326-CV. Appellants' counsel also handled that condemnation case at the trial court level, filing objections to a special commissioners' award in April 2008 and serving the City with citation in August 2009. Mirroring its motion in this case, the City filed a motion to dismiss the condemnees' objections for want of prosecution and reinstate the special commissioners' award. Although the condemnees did not file a response to the City's motion to dismiss in that case, the trial court held a joint hearing on the City's pending motions to dismiss in the two cases, and counsel's testimony at the hearing addressed both cases.[2]

On appeal, the Laidleys argued that the City generally appeared by filing a joint motion to dismiss and nonsuit claims in May 2009. The City's May 2009 motion was premised upon a settlement between the City and other parties and did not address the Laidleys. In this appeal, appellants argue that the City generally appeared when it filed its motion to dismiss the objections

_____

[1] Catherine Wonderly and Curtis Wonderly did not appeal the trial court's judgment.

[2] Appellants' counsel died in March 2010, and the same new counsel took over both appeals.

and reinstate the special commissioners' award in September 2009 but, at that point, the City had already been served with citation. We conclude then that the arguments and factual differences in the two causes do not change our substantive analysis of the issues.

Because the issues raised in each appeal are substantively the same, for the reasons stated in our opinion dated this day in *Charles C. Laidley and Dorothy Laidley v. City of San Marcos*, cause number 03-10-00326-CV, we overrule appellants' issues and affirm the trial court's judgment dismissing appellants' objections for want of prosecution and reinstating the special commissioners' award.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   September 21, 2011

4