**Deloris PHILLIPS, Appellant,**

**v.**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 08–15–00134–CV**

Court of Appeals of Texas,
El Paso.

January 13, 2016

Deloris Phillips, Grand Prairie, TX, pro se.

Harold Joseph Liller, Texas Office of the Attorney General, Austin, TX, for Appellee.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

YVONNE T. RODRIGUEZ, Justice

Deloris Phillips, *pro se*, is appealing an order dismissing her claims against the Texas Department of Public Safety. We affirm.

## FACTUAL SUMMARY

On December 19, 2014, the Texas Department of Public Safety (DPS) entered an order suspending Phillips' driver's license from March 24, 2014 through March 22, 2016. The order stated that the suspension occurred because Phillips had been convicted of driving while license invalid (DWLI) on March 24, 2014 in the municipal court of Grand Prairie, Texas. It is undisputed that Phillips did not appeal her DWLI conviction. Phillips instead filed suit against DPS in the County Court at Law No. 2 of Dallas County seeking dismissal of the suspension order. DPS filed an answer in which it asserted a general denial and the affirmative defenses of sovereign immunity and failure to exhaust administrative remedies. DPS also filed motions to declare Phillips a vexatious litigant and to dismiss based on sovereign immunity. Phillips filed a written response to the vexatious litigant motion. At the hearing, DPS attempted to argue its motion to declare Phillips a vexatious litigant along with its motion to dismiss based on sovereign immunity, but the trial court restricted the hearing to the motion to dismiss. At the conclusion of the hearing, the trial court granted the motion to dismiss and entered an order dismissing Phillips' claims against DPS for lack of jurisdiction.

## SOVEREIGN IMMUNITY

Phillips' brief does not expressly address the trial court's determination that it lacked jurisdiction to consider Phillips' claims against DPS, but her brief includes a general challenge to the trial court's ruling.[1] Immunity from suit deprives a court of subject matter jurisdiction. *Texas Department of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex.2004). Sovereign immunity bars suits against the state and its entities, and this immunity from suit remains intact unless surrendered in express and unequivocal terms by the statute's clear and unambiguous waiver. TEX. GOV'T CODE ANN. § 311.034 (West 2013); *Prairie View A & M University v.*

1. Phillips' brief presents several arguments which we have construed as four issues. For convenience, we will refer to these as Issues One, Two, Three, and Four.

*Chatha,* 381 S.W.3d 500, 512 (Tex.2012); *Miranda,* 133 S.W.3d at 224.

DPS presented evidence that Phillips was convicted of DWLI on March 24, 2014 in Grand Prairie, Texas. A person commits the offense of driving while license invalid if she (1) operates a motor vehicle, (2) on a highway, (3) during a period that the person's driver's license or privilege is suspended or revoked. *See* TEX. TRANSP. CODE ANN. § 521.457(a)(2)(West 2013). It is undisputed that Phillips did not appeal her DWLI conviction. As a result of this conviction, Phillips' driver's license was automatically suspended under Section 521.343(c) of the Texas Transportation Code which provides that:

> (c) If the license holder is convicted of operating a motor vehicle while the license to operate a motor vehicle is cancelled, disqualified, suspended, revoked, or denied, the period is extended for the same term as the original suspension or disqualification, in addition to any penalty assessed under this chapter or Chapter 522.

TEX. TRANSP. CODE ANN. § 521.343(c) (West 2013). There is no administrative appeal from an automatic suspension under this statute. The license holder's remedy is to challenge the DWLI charge. Phillips vigorously argues in her brief that her license suspension is the product of racism and retaliation, but she has not identified any statute which would permit her to challenge her license suspension on these grounds. In the absence of a statute authorizing her to challenge her automatic suspension, DPS retains its sovereign immunity. The trial court did not err by concluding that it lacked jurisdiction of Phillips' suit against DPS. Phillips' first issue is overruled.

## FAILURE TO CONSIDER EVIDENCE

■ In her second issue, Phillips asserts that the trial court did not consider any-thing she stated at the hearing or the evidence she presented. Phillips does not identify any particular evidence in the record that the trial court failed to consider. *See* TEX. R. APP. P. 38.1(i)(requiring the appellant's brief to include appropriate citations to the record in support of the contentions made). Phillips also states in her brief that she intended to present proof at oral argument that her driver's license should not have been suspended. We did not permit the parties to present oral argument in this case. *See* TEX. R. APP. P. 39.1 (authorizing appellate court to not permit oral argument if it decides that oral argument is unnecessary because the appeal is frivolous, the dispositive issues have been authoritatively decided, or the facts and legal arguments are adequately presented in the briefs and record). Even if Phillips' request for oral argument had been granted, an appellate court is not permitted to consider "proof" or "evidence" offered at oral argument. Our review is restricted to the appellate record which consists of the clerk's record and, if necessary to the appeal, the reporter's record. TEX. R. APP. P. 34.1. With limited exceptions not relevant here, an appellate court may not consider matters outside the appellate record. *Siefkas v. Siefkas,* 902 S.W.2d 72, 74 (Tex.App.—El Paso 1995, no writ), *citing Sabine Offshore Service v. City of Port Arthur,* 595 S.W.2d 840, 841 (Tex.1979). We have reviewed the entire record, including the court reporter's transcription of the hearing, and we find nothing to indicate that the trial court failed to consider any evidence or argument relevant to the motion to dismiss. Phillips' second issue is overruled.

## ALLEGED VIOLATION OF RULE 8

■ In her third issue, Phillips argues that Kimberly J. Fuchs, the assistant attorney general who appeared at the hear-

ing and argued the motions on behalf of DPS "did not properly present notice to appear in Court...." DPS first responds that Phillips failed to preserve error.

In order to present a complaint on appeal, a party is required to preserve error in the trial court by making a timely and specific request, objection, or motion. *See* Tex. R. App. P. 33.1(a)(1). The Office of the Attorney General of Texas filed the answer on behalf of DPS. When the trial court called the case, Fuchs identified herself as an assistant attorney general and announced that she was appearing for the Attorney General's Office on behalf of DPS. Phillips did not make any objection to this announcement. Consequently, she failed to preserve her complaint for appellate review.

■ Even if Phillips had preserved error, her complaint is without merit. Rule 8 of the Texas Rules of Civil Procedure provides that:

> On the occasion of a party's first appearance through counsel, the attorney whose signature first appears on the initial pleadings for any party shall be the attorney in charge, unless another attorney is specifically designated therein. Thereafter, until such designation is changed by written notice to the court and all other parties in accordance with Rule 21a, said attorney in charge shall be responsible for the suit as to such party.
>
> All communications from the court or other counsel with respect to a suit shall be sent to the attorney in charge.

Tex. R. Civ. P. 8.

In *City of Tyler v. Beck,* 196 S.W.3d 784, 787 (Tex.2006), the appellant argued that post-judgment motions filed by new counsel who had not been designated as the City of Tyler's attorney in charge did not serve to extend the time to file notice of appeal. The Supreme Court rejected this argument, holding that nothing in Rule 8 indicates that a motion filed by an attorney other than the designated attorney in charge is void or that other attorneys are not authorized to act on behalf of the party. *Id.* at 787.

The Office of the Attorney General of Texas filed the answer in this suit on behalf of DPS and an assistant attorney general other than Fuchs signed the answer and the motion to dismiss. While Fuchs is not the attorney in charge, Rule 8 does not prohibit her appearance at the hearing for the Attorney General's Office and on behalf of DPS. Issue Three is overruled.

## THE REPORTER'S RECORD

In her fourth issue, Phillips contends that the reporter's record is incomplete and inaccurate because it does not reflect that she stated in court that: "They all were in cahoots." Phillips argued during the hearing that her driver's license was wrongfully suspended:

> [D]ue to me being a minority in Jim Crow South and continuing to truthfully speak of corruption at Dallas City Hall and Dallas Police Department. **They're all in cahoots together.** So I have to pay for that. It's blackmail, bribery and blacklisting. [Emphasis added].

Thus, the reporter's record does reflect that Phillips stated during the hearing that her driver's license was suspended because "[t]hey're all in cahoots...." Issue Four is overruled. Having overruled each issue presented by Phillips, we affirm the judgment of the trial court.