

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00039-CV

_____

NEIL O. YELDERMAN, Appellant

V.

THE STATE OF TEXAS, Appellees

On Appeal from the County Court at Law No. 1 & Probate Court
Brazoria County, Texas
Trial Court No. CI60943

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

In January 2020, the State of Texas filed a petition for condemnation against the owners of an approximately seven-acre tract of land in Brazoria County[1] for highway purposes. Among the fourteen defendants named in the suit were Neil O. Yelderman and Landmark Infrastructure Holding Company, LLC (Landmark). When there were no objections filed to the decision of the special commissioners appointed to assess the damages occasioned by the condemnation, the trial court entered its Judgment of Court in Absence of Objection (Condemnation Judgment) adopting the commissioners' decision as the trial court's judgment on November 19, 2020.

In this appeal, Yelderman asks us (1) to modify the Condemnation Judgment and (2) to vacate the trial court's order granting the motion to withdraw funds filed by Landmark because (a) Landmark was a non-party, (b) Landmark was not entitled to any damages, and (3) the trial court erred in apportioning Landmark's damages without evidence of any other owner's interest. Because (1) we do not have jurisdiction to vacate the Condemnation Judgment or to consider Yelderman's contention that Landmark was a non-party and (2) Yelderman's other complaints were forfeited, we affirm the trial court's judgment.

## I. Background

In January 2020, the State filed a petition for condemnation against the owners of an approximately seven-acre tract of land in Brazoria County for highway purposes. Among the fourteen defendants named in the suit were Yelderman and Landmark. The trial court appointed

---

[1]Originally appealed to the First Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the First Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

three special commissioners to assess the damages occasioned by the condemnation. On May 28, 2020, the State amended its petition by dropping five of the named defendants, including Landmark, and adding five new defendants. A hearing in the condemnation proceeding was held before the special commissioners on August 27, 2020.[2] After the hearing, the special commissioners issued their award (Commissioners' Award) in which they determined damages to be paid by the State in the total amount of $1,288,639.00, apportioned $718,200.00 to CCATT, LLC, one of the defendants named in the State's amended petition, and awarded the remainder jointly to the defendants named in the State's original petition, including Yelderman and Landmark. On October 14, 2020, the State deposited the $1,288,639.00 awarded by the special commissioners with the trial court.

No objections to the Commissioners' Award were filed, and on November 19, 2020, the trial court entered the Condemnation Judgment adopting the Commissioners' Award as the judgment of the trial court. On December 8, 2020, the trial court granted CCATT, LLC's, motion to withdraw $718,200.00 apportioned to it in the Commissioners' Award, without objection.[3] On December 11, 2020, Landmark filed a motion to withdraw $240,500.00 from the funds awarded by the special commissioners. Landmark also filed a notice that a hearing on its motion had been set for December 28, 2020, at 11:00 a.m. After serving the remaining

---

[2]A transcript of that hearing was not included in the appellate record.

[3]After disbursement to CCATT, LLC, $570,439.00 of principal remained in the registry of the trial court.

3

defendants with its motion and notice of hearing, Landmark filed a proof of service. After the hearing, the trial court granted Landmark's motion on December 28, 2020.[4]

On January 4, 2021, Yelderman filed a pro se motion for reconsideration and requested that the trial court reconsider its order granting Landmark's motion to withdraw funds. On January 20, 2021, Yelderman filed a supplement to his motion for reconsideration and asserted that (1) he did not have actual knowledge of Landmark's motion and its hearing, (2) Landmark's motion was based on flawed evidence, (3) Landmark had not been damaged, (4) Landmark was not entitled to any damages, and (5) the amount of money Landmark sought would result in unjust enrichment. On January 26, 2020, the trial court *sua sponte* granted Yelderman's motion to reconsider and vacated its order granting Landmark's motion to withdraw funds.

On that same date, Yelderman filed a Motion for Re-Investment of Funds (Reinvestment Motion) requesting that the funds previously apportioned to Landmark be reinvested in an interest-bearing account. On February 16, 2021, Landmark filed its opposition to the Reinvestment Motion and asked the trial court to withdraw its order granting Yelderman's motion to reconsider because of improper notice of the motion and the lack of any hearing and to deny the Reinvestment Motion.

On March 22, 2021, the trial court heard Yelderman's Reinvestment Motion and Landmark's counter-motion to withdraw its order granting Yelderman's motion for reconsideration. After hearing arguments of counsel, the trial court rescinded its prior order

---

[4]A transcript of that hearing was not included in the appellate record.

4

granting Yelderman's motion to reconsider and reinstated its order granting Landmark's motion to withdraw funds. This appeal followed.

## II. Condemnation Proceedings

"The Texas eminent-domain scheme is a two-part process that begins with an administrative proceeding followed, if necessary, by a judicial one." *Pappas Rests., Inc. v. State*, No. 01-15-00001-CV, 2016 WL 3900720, at *2 (Tex. App.—Houston [1st Dist.] July 14, 2016, no pet.) (mem. op.) (quoting *City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006) (per curiam)). "The administrative phase of condemnation proceedings is initiated by an entity with eminent-domain authority when it wishes to acquire property but cannot reach an agreement with the property owner as to compensation." *Id.* (citing TEX. PROP. CODE ANN. § 21.012(a), (b); *Musquiz v. Harris Cty. Flood Control Dist.*, 31 S.W.3d 664, 666–67 (Tex. App.—Houston [1st Dist.] 2000, no pet.)). "The condemning entity files a petition in an appropriate court, which then appoints three special commissioners to determine an appropriate amount of compensation." *Id.* (citing TEX. PROP. CODE ANN. §§ 21.001, 21.012–.015; *Beck*, 196 S.W.3d at 786). "The special commissioners must schedule a hearing to assess damages." *Id.* (citing TEX. PROP. CODE ANN. § 21.015).

After the hearing, "[t]he special commissioners must file with the court 'a written statement of the decision stating the damages.'" *Id.* at *3 (quoting TEX. PROP. CODE ANN. § 21.048). "Either party may challenge the special commissioners' award by filing 'a written statement of the objections and their grounds' in the trial court." *Id.* at *3 (quoting TEX. PROP. CODE ANN. § 21.018(a) (citing *Beck*, 196 S.W.3d at 786)). "Objections must be filed 'on or

5

before the first Monday following the 20th day after the day the commissioners file their findings with the court.'" *Id.* at *3 (quoting TEX. PROP. CODE ANN. § 21.018(a)). "Upon the filing of objections, the award is vacated and the administrative proceeding converts into a judicial proceeding." *Id.* (quoting *Beck*, 196 S.W.3d at 786 (citing *Denton Cty. v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962))). "Absent timely filed objections, the court has a ministerial duty to enter judgment in accordance with the special commissioners' award." *Id.* (citing *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167–68 (Tex. 2013); *Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958)); *see* TEX. PROP. CODE ANN. § 21.061. "Such a judgment is not appealable." *Pappas Rests., Inc.*, 2016 WL 3900720, at *3 (citing *Pearson*, 315 S.W.2d at 938; *Musquiz*, 31 S.W.3d at 667).

Under the statute, "[n]o jurisdiction is conferred upon the court to do anything more than accept and adopt the award as its judgment." *Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958). "It is well settled that the jurisdiction of the appellate court as to the merits of a case extends no further than that of the court from which the appeal is taken." *Id.* (citing *Perkins v. U.S. Fidelity & Guar. Co.*, 299 S.W. 213 (Tex. Comm'n. App. 1927)). "A party appealing from a judgment entered in the absence of proper objections to the award [is not] entitled to a review of any question except one relating to a variance between the award and judgment." *Id.* at 938–39.

## III. We Have No Jurisdiction to Modify the Condemnation Judgment or to Decide Yelderman's Complaint that Landmark Was Not a Proper Party

In his first issue, Yelderman asks us to modify the Condemnation Judgment because, he argues, the trial court erred in including Landmark in the Condemnation Judgment since

6

Landmark was no longer a party when the Commissioners' Award was issued. However, since no timely objections to the Commissioners' Award were filed, the trial court only had jurisdiction to accept and adopt the award as its judgment. *See id.* at 938. Since the Commissioners' Award included Landmark as one of the parties entitled to its joint award of damages, the trial court lacked jurisdiction to vary the award. Because the trial court lacked jurisdiction to vary the Commissioners' Award, we also have no jurisdiction to modify the Condemnation Judgment that adopted that award. *See id.* We overrule this issue.

In Yelderman's second issue, he complains that the trial court erred in granting Landmark's motion to withdraw funds because Landmark was not a party, based on the same reasoning set forth in his first issue. However, because the trial court lacked jurisdiction to vary the Commissioners' Award, it lacked jurisdiction to relitigate the issue of whether Landmark was a proper party to that award. *See id.* For that reason, we also have no jurisdiction to consider this issue. *See id.* We overrule this issue.

## IV. Yelderman's Third and Fourth Issues Were Forfeited

Yelderman's third issue asserts that the trial court erred because Landmark was not entitled to any damages and points to certain statements in Landmark's motion to withdraw funds in support of its argument. His fourth issue asserts that the trial court erred in apportioning Landmark's damages without evidence of any other owner's interest.

"Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief 'contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *Izen v. Commission for Lawyer Discipline*, 322 S.W.3d 308, 321 (Tex. App.—

Houston [1st Dist.] 2010, pet. denied) (quoting TEX. R. APP. P. 38.1(i)). "Rule 38 requires [a party] to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." *Id.* (quoting *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Id.* (quoting *Tesoro Petroleum*, 106 S.W.3d at 128). "Issues on appeal are waived if an appellant fails to support his contention by citations to appropriate authority . . . ." *Id.* (quoting *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.)); *Daniel v. Falcon Interest Realty Corp.*, 190 S.W.3d 177, 189 (Tex. App.—Houston [1st Dist.] 2005, no pet.)).

Yelderman's argument supporting his third issue contains no citation to appropriate legal authority supporting his argument. Therefore, we find that he has forfeited this issue.

"Generally, to preserve a complaint for appellate review, the complaining party must present the complaint to the trial court by timely request, objection, or motion." *Amerjin Co., LLC v. Ashby LLP*, No. 01-18-00231-CV, 2020 WL 1522823, at *11 (Tex. App.—Houston [1st Dist.] Mar. 31, 2020, pet. denied) (mem. op.) (citing TEX. R. APP. P. 33.1(a)). "A party's argument on appeal must comport with the complaint made in the trial court." *Id.* (citing *Patel v. Hussain*, 485 S.W.3d 153, 174 (Tex. App.—Houston [14th Dist.] 2016, no pet.)). "The complaint raised in the trial court must state the grounds for the ruling sought 'with sufficient specificity to make the trial court aware of the complaint.'" *Id.* (citing TEX. R. APP. P. 33.1(a); *Hussain*, 485 S.W.3d at 174; *Chappell Hill Bank v. Lane Bank Equip. Co.*, 38 S.W.3d 237, 246–

8

47 (Tex. App.—Texarkana 2001, pet. denied) ("[J]udicial economy requires that issues be raised first in the trial court in order to spare the parties and the public the expense of a potentially unnecessary appeal.")).

Yelderman did not assert that the trial court erred in apportioning Landmark's damages without evidence of any other owner's interest in his supplemental motion for reconsideration of the trial court's order granting Landmark's motion to withdraw funds, or at any hearing related to reconsidering that order. Further, we cannot say that this issue was fairly included in the issues Yelderman did assert in the trial court. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017). Consequently, we find that Yelderman failed to preserve this issue.

For these reasons, we overrule Yelderman's third and fourth issues.[5]

---

[5]Even if we were to consider Yelderman's third and fourth issues, we could not find that the trial court erred in granting Landmark's motion to withdraw funds. Both parties acknowledge that an evidentiary hearing was held on Landmark's motion. Consequently, in order to analyze Yelderman's third and fourth issues, we must examine the evidence presented at the hearing to determine whether sufficient evidence supported the trial court's ruling. Yet, Yelderman asserts, and Landmark does not dispute, that no reporter's record was made of the hearing (although the trial court's docket entry on that date indicates a court reporter was present). "When there is no reporter's record made and the trial court does not make findings of fact, 'we assume that the trial court heard sufficient evidence to make all necessary findings in support of its judgment.'" *Gonzales v. Sw. Radiology Ass'n & Sam Lo, M.D.*, No. 01-14-00572-CV, 2015 WL 4101371, at *4 (Tex. App.—Houston [1st Dist.] July 7, 2015, no pet.) (mem. op.) (quoting *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.)); *see Johnson v. Freo Tex. LLC*, No. 01-15-00398-CV, 2016 WL 2745265, at *3 (Tex. App.—Houston [1st Dist.] May 10, 2016, no pet.) (mem. op.). Since no reporter's record was made, we must assume sufficient evidence supported the trial court's ruling. For that reason, we could not find that the trial court erred in granting Landmark's motion to withdraw funds.

## V.  Disposition

We affirm the judgment of the trial court.

Ralph K. Burgess
Justice

Date Submitted:     October 18, 2021
Date Decided:      November 22, 2021