

# NUMBER 13-25-00082-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

INTERSTATE 35W
AT FM 407, LP, ET AL.,                                                      Appellants,

v.

THE STATE OF TEXAS,                                                          Appellee.

## ON APPEAL FROM THE PROBATE COURT NO. 1
## OF DENTON COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

Appellants Interstate 35W at FM 407, LP, et al. (collectively Interstate) appeal a judgment in favor of appellee the State of Texas. By two issues, Interstate contends that we should reverse the judgment because (1) the clerk of the court sent notice of the condemnation award to the wrong address, and (2) the State had a duty to update

Interstate's address in the trial court. We affirm.[1]

## I. BACKGROUND

The State initiated a condemnation of Interstate's real property. The trial court referred the matter to the special commissioners who then assessed the award and notified the trial court. For purposes of service of process, the petition listed an address for Interstate's registered agent which was correct at the time of the petition. Subsequently, on January 29, 2024, Interstate changed its address and notified the Secretary of State of the change.[2] The clerk of the court sent notice of the award to Interstate's address on file with the trial court. Therefore, the clerk's notice went to the wrong address. No further notice was provided to Interstate.

The trial court rendered judgment confirming the award and ordering a writ of possession to be issued in favor of the State. Interstate discovered that the trial court had entered judgment in accordance with the special commissioners' award, and it filed an original counterclaim and objections. The State filed a plea to the jurisdiction and motion to dismiss arguing that the trial court had no jurisdiction because Interstate's objections were untimely. The trial court dismissed Interstate's original counterclaim and objections as untimely. This appeal followed.[3]

---

[1] This appeal was transferred to this Court from the Second Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001.

[2] Interstate acknowledges it was served with the petition and notified of the special commissioners' hearing on May 9, 2024, prior to the special commissioners' hearing held on May 30, 2024.

[3] The State argues that we lack jurisdiction over this appeal. However, the trial court granted the State's motion to dismiss Interstate's counterclaim, which is an appealable order as it disposed of all claims and parties. *See Armendaiz v. Ray*, 215 S.W.2d 210, 212 (Tex. App.—San Antonio 1948, no writ) (providing that a dismissal order completely disposing of the case is a final and appealable judgment); *see also Hosey v. County of Victoria*, 832 S.W.2d 701, 703 (Tex. App. —Corpus Christi 1992, no writ) (same); *Dilmore v. Russell*, 519 S.W.2d 278, 280 (Tex. Civ. App.-Dallas 1975, no writ) (same); *see also Small v. Specialty Contractors, Inc.*, 310 S.W.3d 639, 643 (Tex. App.—Dallas 2010, no pet.) (providing that "a decision that

## II. APPLICABLE LAW

"Chapter 21 of the Texas Property Code governs eminent-domain proceedings." *Pappas Rests., Inc. v. State*, No. 01-15-00001-CV, 2016 WL 3900720, at *2 (Tex. App.—Houston [1st Dist.] July 14, 2016, no pet.) (mem. op.). "The Texas eminent-domain scheme is a two-part process that begins with an administrative proceeding followed, if necessary, by a judicial one." *City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006). When a government entity seeking property is unable to agree with a landowner to an amount of compensation, it can initiate the administrative phase of a condemnation proceeding, TEX. PROP. CODE § 21.012(a), (b), by filing a petition with the appropriate court that will then appoint three special commissioners who will set a hearing to determine the proper damages. *Pappas Rests., Inc.*, 2016 WL 3900720, at *2 (first citing TEX. PROP. CODE §§ 21.001, 21.012–.015; and then citing *Beck*, 196 S.W.3d at 786). The special commissioners must then file with the trial court "a written statement of their decision stating the damages." TEX. PROP. CODE § 21.048(1). The clerk of the court must then "send notice of the decision . . . to the parties in the proceeding, or to their attorneys of record, at their addresses of record." *Id.* § 21.049. A party that is not satisfied with the special commissioners' award may challenge it by filing objections in the trial court on "the first Monday following the 20th day after the day the commissioners file their findings with the court." *Id.* § 21.018(a); *Beck*, 196 S.W.3d at 786. The "time to object to the special commissioners' award is tolled until the clerk sends the required notice pursuant to

---

ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment is a final decision") (citation modified). Interstate filed a motion for reconsideration asking for a substantive change to the judgment within thirty days, which extended the appellate time limit from thirty to ninety days. *See* TEX. R. CIV. P. 329b. The Second Court of Appeals granted Interstate's motion to file its notice of appeal within fifteen days of the ninety-day deadline. *See* TEX. R. APP. P. 26.3 (allowing the appellant to file an untimely notice of appeal within fifteen days if the appellant also files a motion for extension of time). Thus, we conclude we have jurisdiction.

[§] 21.049 of the Texas Property Code." *John v. State*, 826 S.W.2d 138, 139 (Tex. 1992).

"Upon the filing of [timely] objections, the award is vacated and the administrative proceeding converts into a judicial proceeding." *Beck*, 196 S.W.3d at 786 (citing *Denton City v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962)). If the complaining party fails to file timely objections, the trial court loses jurisdiction to consider the merits of the case, *John*, 826 S.W.2d at 139, and "the court has a ministerial duty to enter judgment in accordance with the special commissioners' award." *Pappas Rests., Inc.*, 2016 WL 3900720, at *3 (citing *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167–68 (Tex. 2013). A judgment in accordance with the special commissioners' award is not appealable. *Id.* (first citing *Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958); and then citing *Musquiz v. Harris Cty. Flood Control Dist.*, 31 S.W.3d 664, 666–67 (Tex. App.— Houston [1st Dist.] 2000, no pet.)).

### III.     NOTICE TO THE PARTIES AT THE ADDRESS OF RECORD

By its first issue, Interstate contends that § 21.049 was violated because "address of record" is the same as an "entity's registered agent address," and that the "'records that are relevant in communicating with the landowners" are the State's records. Interstate urges that the only proper meaning of "address of record" is the current address which the State "has on record for the landowner, whether it be an entity or individual, at the time notice is sent." Thus, according to Interstate, the trial court improperly defined "address of record" as the address on file with the trial court. We find no authority supporting Interstate's interpretation of § 21.049, and we are not persuaded by the authority it cites. Accordingly, we reject Interstate's argument that we should construe "address of record" as anything other than meaning the address that is on file with the

4

trial court. *See Groves v. Wind Energy Transmission Tex.*, LLC, No. 11-12-00107-CV, 2012 WL 3537811, at *1 (Tex. App.—Eastland Aug.16, 2012, no pet.) (mem. op.) (holding that § 21.049 "does not require the party to be served with notice; it only requires that the clerk send the notice"). We overrule Interstate's first issue.

## IV. DUTY TO INFORM CLERK OF CHANGE OF ADDRESS

By its second issue, Interstate contends that as the "non-appearing party in the matter," it had no duty to ensure that the trial court had the proper address after receiving notice of the special commissioners' hearing and argues that the State had the duty to ensure that the trial court had the correct address. Again, we find no authority indicating that § 21.049 requires the State to update the address of a party in a condemnation proceeding, and we are not persuaded by the authority cited by Interstate. Without authority specifically placing the burden on the State, we decline to make such a determination. Moreover, § 21.049 places the burden of notice on the trial court clerk and does not mention the condemnor. *See John*, 826 S.W.2d at 140 ("Therefore, in condemnation cases, the clerk must comply with the notice provisions."). We overrule Interstate's second issue.[4]

## V. TOLLING

Interstate argues by a sub-issue that if we sustain either of its issues, the time for filing its objections was tolled. However, we have overruled both issues. Therefore, the

---

[4] We note that Interstate mentions that the lack of actual notice deprived it of land without an opportunity to be heard. However, Interstate does not mention due process in its brief, the body of Interstate's brief does not have any discussion of the facts that support a due process violation, and Interstate does not cite any due process authority. *See In re Commitment of C.H.*, 606 S.W.3d 570, 576 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (determining that the brief was not broad enough to encompass a due process violation argument and stating, "We cannot reverse a case based on unassigned error."). Therefore, because we are not allowed to make arguments for Interstate, we are prohibited from reversing the judgment on that basis. *See id.*

trial court lost jurisdiction to consider the merits of the case, *see id.* at 139, and it had a ministerial duty to enter judgment in accordance with the special commissioners' award. *See Pappas Rests., Inc.*, 2016 WL 3900720, at *3. We overrule Interstate's sub-issue.

## VI. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
12th day of February, 2026.