

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00102-CV
_____

WILLIE B. GLASPIE, Appellant

V.

ATMOS ENERGY CORPORATION, ET AL., Appellees

On Appeal from the County Court at Law
Rusk County, Texas
Trial Court No. 2022-02-041

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Willie B. Glaspie and Lova Glaspie[1] appeal the trial court's order denying their request that a special commissioners' award in condemnation be released from the registry of the trial court. As a predicate to the withdrawal of all such funds, the Glaspies sued to quiet title in their name against all other condemnees. But they filed suit more than a year after the trial court entered judgment on the unobjected-to award of the special commissioners. At that point, the trial court's jurisdiction regarding the condemnation proceeding was limited to enforcing that judgment.

We consider our own jurisdiction given this state of affairs. As a starting point, we consider the jurisdiction of the court that issued the order being challenged via appeal: the trial court. We conclude that, in a condemnation proceeding that had long since proceeded to judgment, the trial court lacked jurisdiction to take up a new matter such as the Glaspies' suit to quiet title. The trial court held that it lacked jurisdiction over the quiet title claim, but for a different reason. We need not and do not rule on the path the trial court took to the result of dismissal for want of jurisdiction. The trial court's result is correct. We affirm the trial court's judgment.

## I. Background

In February 2022, Atmos Energy Corporation filed a petition for condemnation in the County Court at Law of Rusk County against the owners of a fifteen-acre tract of land in Rusk County for the purpose of a pipeline easement. The petition named as defendants the "owners or

---

[1]For ease of discussion, we will refer to the Glaspie family members by their given names or collectively to Willie B. and Lova as "the Glaspies."

holders of an interest" in property described by a 1974 deed found in the Rusk County Deed Records. The grantee in that deed is Willie Lee Glaspie.

Lova attests that she is the widow of Willie Lee. Lova submitted marriage[2] and death[3] certificates to that effect. Willie Bernard (Willie B.) attests that he is their son and attached a birth certificate to that effect.

The condemnation petition named Willie B as a defendant/condemnee, as well as other named individuals and unknown heirs.[4]

The trial court thereafter appointed special commissioners who heard evidence, assessed damages, and issued a special commissioners' award in the amount of $40,000.00, awarded collectively to the condemnees. Atmos deposited the funds into the registry of the court.

No objections to the award were filed.

On June 23, 2022, the trial court entered judgment adopting the award of the special commissioners—"$40,000.00, representing the total amount of damages payable to the Condemnees"—and granting Atmos the easement it sought. The trial court's judgment included a finding that all the condemnees named in the special commissioners' award had an interest in

---

[2]Dated May 18, 1957.

[3]Showing Willie Lee's date of death as October 23, 2016.

[4]The other defendants named in the condemnation petition included all unknown heirs and assigns of the Estate of Stuart Gillaspie, Deceased; Barbara Ann Kindle Bonnick; all unknown heirs and assigns of Merlene Kindle Wallace; Gloria Jean Kindle Schuford; all unknown heirs and assigns of the Estate of R.D. Gillaspie and Omie G. Gillaspie; Terri Lynn Williams; Pamela Johnson Williams; Ronnie Holloway; and Willis Armstrong. At a hearing, counsel for the Glaspies represented that Atmos Energy listed the other condemnees based on Atmos's belief that the person who deeded full interest in the acreage at issue to Willie Lee only owned a one-half interest. The Glaspies contend that, even if that is so, Willie Lee occupied the land, claiming to own a full interest, and he did so for sufficient time and with sufficient obviousness to oust any cotenants pursuant to Section 16.024 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.024.

the subject property, a portion of the fifteen-acre tract of land that was previously conveyed to Willie Lee. The judgment authorized the clerk of the court to withdraw funds from the registry after (1) a condemnee filed a motion with the trial court that showed their ownership interest in the property, (2) the condemnee presented an appropriate tax certificate, and (3) the trial court entered an order based on the condemnee's ownership interest.

On August 1, 2022, in the same cause number as the condemnation proceeding, the Glaspies each filed separate motions to withdraw funds held in the court's registry, with each of them seeking "the total sum of money which are [sic] now on deposit currently held in the Registry of this Court for the Movant." The Glaspies did not make any objections to the commissioners' award nor to the judgment incorporating the award in their individual motions.

On July 19, 2023 (more than a year after the trial court's judgment), the Glaspies filed a joint motion to withdraw funds. That motion asserted that they, and no others, own the property set forth in the 1974 deed and made subject to the condemnation.[5] The Glaspies filed a first amended motion on August 10, 2023 and then a second amended motion on June 24, 2024. The second amended motion to withdraw the award of the special commissioners also sought disbursement of the entire $40,000.00 award. The Glaspies asserted that (1) Willie Lee died intestate; (2) at the time of his death, Willie Lee was survived by his wife, Lova, and Willie B., the only child of the marriage; and (3) Willie Lee had no other children. The Glaspies further claimed that Willie Lee purchased the property during his marriage to Lova and that he was the

---

[5]Notably, the Glaspies did not assert that the 1974 deed alone entitled them to the funds in the registry of the trial court. Instead, their claim hinged on the circumstances under which Willie Lee acquired the property in 1974 and the circumstances between the purchase of the subject property and his death in 2016.

4

owner of the property at the time of his death. The Glaspies urged that they are the owners of the entirety of the property described in the trial court's judgment and, thus, are entitled to recover the entire commissioners' award.

By their second amended motion, the Glaspies also brought counterclaims against the other condemnees named in the trial court's judgment, stating that the judgment incorrectly described the other condemnees as having an interest in the subject property. Based on a claim of adverse possession, the Glaspies sought to quiet title in themselves.

The trial court held an evidentiary hearing on the motion to withdraw funds. Later, the trial court denied the Glaspies' motion. The trial court stated that the "evidence [was] insufficient to determine the ownership of the 15-acre tract . . . in order to distribute all or a portion of the funds held by the Clerk in the Court's registry," and that "this County Court at Law is without subject matter jurisdiction to try or declare title and ownership of the tract that is necessary before this Court can order withdrawal of the funds deposited to the rightful owner, because jurisdiction lies solely with the District Court."

From that denial, the Glaspies appeal.

## II.     Jurisdiction

On appeal, the Glaspies ask this Court to reverse the judgment of the trial court and render judgment that the entirety of the funds in the registry of the trial court be awarded to them. They frame their sole issue as follows: "[C]an ownership of property that has never been questioned for [d]ecades be birth by a [c]ondemnation decision rendered outside all statutory limitation which afford/provide a pathway to attack ownership[?]" Since the trial court rendered

5

judgment that it lacked jurisdiction over the quiet title claim, we address the trial court's jurisdiction over that claim first.

We received no briefs from the condemnor[6] or the other condemnees.

## A. Standard of Review and Applicable Law

"Whether a court has subject matter jurisdiction is a question of law we review de novo." *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal Dist.*, 694 S.W.3d 752, 757 (Tex. 2024). "[W]e must consider our jurisdiction, even if that consideration is sua sponte." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) (per curiam).

"The exercise of eminent domain authority is governed by Chapter 21 of the Property Code." *In re Lazy W Dist. No. 1*, 493 S.W.3d 538, 541 (Tex. 2016) (orig. proceeding) (citing Tex. Prop. Code Ann. §§ 21.001–.103). "The Texas eminent-domain scheme is a two-part process that begins with an administrative proceeding followed, if necessary, by a judicial one." *City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006) (per curiam); *Yelderman v. State*, No. 06-21-00039-CV, 2021 WL 5441038, at *2 (Tex. App.—Texarkana Nov. 22, 2021, no pet.) (mem. op.) (quoting *Pappas Rests., Inc. v. State*, No 01-15-00001-CV, 2016 WL 3900720, at *2 (Tex. App.—Houston [1st Dist.] July 14, 2016, no. pet) (mem. op.)).

"The initial filing of the petition and the commissioners' hearing and award constitute the administrative proceeding part of the eminent-domain scheme." *Oak Lawn Apts., Ltd. v. State*, 584 S.W.3d 11, 14 (Tex. App.—Fort Worth 2018, pet. denied). "The condemning entity initiates a condemnation proceeding by filing a petition in the proper court." *Id.* at 14–15 (citing Tex.

---

[6]Atmos Energy did write the Court stating, "The judgment in this case discharged Atmos Energy from further liability. We have no interest in the distribution of proceeds and do not intend to file a [r]esponse."

PROP. CODE ANN. § 21.012). "The court then appoints three special commissioners to conduct a hearing and to determine just compensation." *Id.* at 15 (citing TEX. PROP. CODE ANN. §§ 21.014–.015). "Once the commissioners have made an award, the condemnor, if satisfied, must pay the amount of the award to the condemnee, deposit that amount in the court's registry, or post a sufficient bond." *Id.* (citing TEX. PROP. CODE ANN. § 21.021(a)).

"On the filing of objections, the special commissioners' award is vacated, and the administrative proceeding converts into a normal pending judicial cause with the condemnor as plaintiff for the purpose of proving its right to condemn and the landowner as defendant." *Id.* (citing TEX. PROP. CODE ANN. § 21.018(b); *Beck*, 196 S.W.3d at 786). "Either party may challenge the special commissioners' award by filing a written statement of their objections in the same court." *Id.* (citing TEX. PROP. CODE ANN. § 21.018(a)). "Objections to the special commissioners' award need not utilize particular words but must be filed with the court and must identify the substance of the party's complaint by stating the 'grounds' for its objections." *Id.* (citing TEX. PROP. CODE ANN. § 21.018(a)). "The objecting party must then secure service of citation on the adverse party and try the case in the manner of other civil causes." *Id.* (citing TEX. PROP. CODE ANN. § 21.018(b)).

"Absent timely-filed objections, the court has a ministerial duty to enter judgment in accordance with the special commissioners' award." *Id.* (citing *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167–68 (Tex. 2013)). "In the absence of timely-filed objections, the trial court's judgment on the commissioners' findings and award is not appealable." *Id.* (citing *Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958) ("[I]f no objections

7

are filed[,] . . . [n]o jurisdiction is conferred upon the court to do anything more than accept and adopt the award as its judgment. . . . There is nothing which the court . . . can hear and determine by the exercise of its judicial powers. . . . [A]nd there is no right of appeal therefrom." (alterations in original))).

B.      Analysis

We begin by noting that there is a statutory basis for the trial court's ruling. *See* TEX. PROP. CODE ANN. § 21.002 ("If an eminent domain case is pending in a county court at law and the court determines that the case involves an issue of title or any other matter that cannot be fully adjudicated in that court, the judge shall transfer the case to a district court."). However, we also note that the Legislature has granted the County Court at Law of Rusk County concurrent jurisdiction with the district court. TEX. GOV'T CODE ANN § 25.2032(a).

Rather than resolving whether the Texas Property Code provision prevails over the Texas Government Code provision (or vice-versa), we affirm the trial court's judgment on a different basis, one that pertains to the jurisdiction of the trial court to reach that question.[7]

There was no objection to the commissioners' award. The Glaspies asked that the trial court first quiet title in their favor and then award them the entirety of the commissioners' award in the registry of the trial court. But their request came more than a year after the trial court's judgment on the commissioners' award.

"If objections are not filed timely, the trial court can only perform its ministerial function and render judgment based upon the commissioner's award." *John v. State*, 826 S.W.2d 138,

---

[7]*See* TEX. PROP. CODE ANN. § 21.002 ("[*i*]*f* an eminent domain case *is pending*" (emphasis added)).

8

141 n.5 (Tex. 1992) (per curiam) (citing *Pearson*, 315 S.W.2d at 938). *Pearson* expressed this as a matter of the trial court's jurisdiction,[8] and that of the court of appeals.[9]

Because there was no objection, we find that the trial court had no jurisdiction to hear the Glaspies' suit to quiet title in the cause number of the condemnation proceeding. The trial court therefore lacked jurisdiction over the entirety of the Glaspies' request; their live pleading made the withdrawal of funds contingent on the outcome of the suit to quiet title. Having determined that the trial court lacked jurisdiction over that claim, our jurisdiction ends as well. *See In re Lazy W. District No. 1.*, 493 S.W.3d at 544 ("Courts *always* have jurisdiction to determine their own jurisdiction." (citation omitted)).

## III. Conclusion

For the reasons stated, we affirm the trial court's judgment.


Jeff Rambin
Justice

Date Submitted:     April 2, 2026
Date Decided:     May 18, 2026

---

[8]"No jurisdiction is conferred upon the court to do anything more than accept and adopt the award as its judgment . . . ." *Pearson*, 315 S.W.2d at 938; *see* TEX. PROP. CODE ANN. § 21.061 (granting post-award jurisdiction as follows: "If no party in a condemnation proceeding files timely objections to the findings of the special commissioners, the judge of the court that has jurisdiction of the proceeding shall adopt the commissioners' findings as the judgment of the court, record the judgment in the minutes of the court, and issue the process necessary to enforce the judgment.").

[9]"[T]he jurisdiction of the appellate court as to the merits of a case extends no further than that of the court from which the appeal is taken." *Pearson*, 315 S.W.2d at 938.