**In re STATE of Texas.**

**No. 12–02–00161–CV.**

Court of Appeals of Texas, Tyler.

Sept. 18, 2002.

E. Robert Human, John Rex Thompson, Tyler, Celia S. Flowers, Dallas, for real party in interest.

Randall Rogers, Tyler, for respondent.

Susan D. Bonnen, Austin, for relator.

Panel consisted of GOHMERT, JR., C.J., WORTHEN, J., and GRIFFITH, J.

### OPINION ON MOTION FOR REHEARING

JIM WORTHEN, Justice.

On August 14, 2002, this court delivered its opinion and order conditionally granting the writ of mandamus sought by the State. *In re State*, No. 12–02–00161–CV, 2002 WL 1900069 (Tex.App.-Tyler August 14, 2002, orig. proceeding). On August 20, 2002, the trial court amended its prior order as directed. Thereafter, on August 27, 2002, the State filed a motion for rehearing calling our attention to certain other language in the trial court's original order that was not addressed in our August 14 opinion. In its motion, the State requests that we modify our opinion and order by directing the trial court to delete the language in question from its amended order. We conclude that the State's mo-

tion is meritorious. Accordingly, we grant the State's motion for rehearing and withdraw our opinion and order of August 14, 2002. The following is now the opinion of the court.

The State of Texas ("the State") brings this petition for writ of mandamus complaining of an order entered in the underlying condemnation proceeding. We conditionally grant the writ to direct the trial court to modify its order.

## BACKGROUND

On September 1, 2000, the State filed an Original Petition for Condemnation in County Court at Law Number 2 of Smith County seeking to obtain 6.12 acres from Irene Elizabeth Davis ("Davis"). Thereafter, the trial court appointed three special commissioners ("the Commissioners") "to assess the damages occasioned by such condemnation." At a hearing on an evidentiary dispute, the trial judge granted the Commissioners' request for appointment of counsel. The State filed a motion requesting that the trial court reconsider its ruling, which was denied. The State then filed a petition for writ of mandamus asking this court to direct the trial court to withdraw its appointment of counsel for the Commissioners.[1] Although we determined that the trial court abused its discretion in appointing counsel for the Commissioners, we concluded that the State had an adequate remedy at law and denied the petition by opinion dated January 23, 2002. *In re State*, 65 S.W.3d 383 (Tex. App.-Tyler 2002, orig. proceeding) ("prior opinion").

On April 10, 2002, the Commissioners conducted a hearing for the parties to present evidence on damages. Later that day, the Commissioners filed two documents with the trial court. The first, entitled "Award of Commissioners," is a written statement of the damages awarded for the condemnation and the accrued costs of the proceeding. The award lists the Commissioners' fees as accrued costs and assesses these costs against the State. The second document is entitled "Bill of Costs of Special Commissioners" ("Bill of Costs"). In this document, the Commissioners allege they incurred expenses as a result of their participation in the condemnation proceeding, including $4,648.90 as attorney's fees for their appointed counsel and $559.50 to obtain transcripts from two court reporters (collectively "expenses"). The Commissioners ask the trial court to award the expenses as costs, tax the costs against the State, and impose a deadline for payment.

On the same date, April 10, the trial court signed an order approving the Bill of Costs and requiring the State to pay the awarded sum to the Commissioners within seventy-five days.[2] On April 26, the State filed a motion to vacate the trial court's order and on May 2 filed objections to the Commissioners' award. On May 13, the trial court denied the motion to vacate, and the State filed its petition for writ of mandamus on June 10 asking this court to direct the trial court to withdraw its order. Because the payment deadline would expire on June 24, the State also sought emergency relief. We stayed the trial

---

1. The petition also requested relief from an evidentiary ruling that is not relevant to the issues before us.

2. The order includes typewritten language requiring the State to pay the awarded expenses "within thirty (30) days from the signing of this Order." The order also includes a handwritten notation requiring "[c]osts to be paid in 75 days." By letter dated May 13, 2002, the trial court informed the parties that the handwritten addition to the order controls over the typewritten requirement for payment within thirty days.

court's order pending our consideration of the State's petition. On August 20, 2002, the trial court signed an amended order that did not include the language requiring payment of costs within seventy-five days. However, the language requiring payment within thirty days was retained.[3]

### PREREQUISITES TO MANDAMUS RELIEF

■ Mandamus is "an extraordinary remedy, available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). A writ of mandamus will issue only if (1) the trial court violates a duty imposed by law or clearly abuses its discretion, and (2) there is no other adequate remedy at law, such as an appeal. *Walker*, 827 S.W.2d at 839; *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985).

### ABUSE OF DISCRETION

■ As we explained in our prior opinion, a condemnation proceeding is a two-part procedure involving first, an administrative proceeding, and then if necessary, a judicial proceeding. *In re State*, 65 S.W.3d at 385 (citing *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 241–42 (Tex.1984)). During the administrative phase, the special commissioners award compensation for the condemnation and assess the costs of the proceeding. *Amason*, 682 S.W.2d at 242; see TEX. PROP. CODE ANN. § 21.042 (Vernon Supp.2002); § 21.047 (Vernon 2000).

■ A court's jurisdiction to act as a judicial tribunal in a condemnation proceeding is limited to that which has been conferred by statute. *Pearson v. State*, 159 Tex. 66, 70, 315 S.W.2d 935, 938 (1958). The administrative phase is completely

separate from any judicial proceeding that may later take place, and the Property Code says nothing about giving a trial court power to oversee this initial phase of the proceeding while it is ongoing. *Id.; Blasingame v. Krueger*, 800 S.W.2d 391, 394 (Tex.App.-Houston [14th Dist.] 1990, orig. proceeding). Consequently, we held in our prior opinion that the trial court lacked jurisdiction to appoint counsel for the Commissioners and abused its discretion by doing so. *In re State*, 65 S.W.3d at 387.

■ Relying on our prior opinion, the State contends in the petition before us that the trial court has again abused its discretion because it lacked jurisdiction to order the State to pay the Commissioners' expenses. In response, Davis and the Commissioners contend that the expenses were assessed by the Commissioners, and not the trial court, as costs pursuant to sections 21.047 and 21.048 of the Property Code. TEX. PROP.CODE ANN. §§ 21.047, 21.048 (Vernon 2000). Therefore, their argument continues, the trial court had no discretion to disapprove the Bill of Costs. We agree with the State.

Section 21.048 states that after the special commissioners in a condemnation proceeding have assessed the damages, they must file a written statement of their decision and must also "make and sign a written statement of the accrued costs of the proceeding, naming the party against whom the costs are adjudged ..." TEX. PROP.CODE ANN. § 21.048(2). The Bill of Costs filed in the instant case does not state that the expenses are accrued costs of the proceeding or adjudge the expenses against the State. On the other hand, the plea for relief in the Bill of Costs specifically asks the trial court to "consider the

---

3. The trial court amended its order as directed by our opinion and order of August 14, 2002. *In re State*, No. 12–02–00161–CV, 2002

WL 1900069, at *5 (Tex.App.-Tyler August 14, 2002, orig. proceeding).

excessive amount of time and expense incurred by the Commissioners ... and award attorney's fees and expenses to be taxed against [the State] ..." In addition, the plea for relief asks the trial court to set a payment deadline.

We interpret the Commissioners' plea for relief as a request that the trial court (1) find that the allegations in the Bill of Costs support an award of expenses to the Commissioners and (2) order the State to pay the Commissioners by a specific date.[4] Thus, the Bill of Costs is, in substance, a motion for the expenses described in the document and not an assessment of costs by the Commissioners pursuant to section 21.048. *See State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex.1980) (substance of plea for relief rather than form or title of document determines true nature of pleading or motion). As such, the Bill of Costs asks the trial court to exercise its judicial discretion. Therefore, the order approving the Bill of Costs was not merely a ministerial act, but an exercise of judicial power by the trial court after conducting, as recited in the order, "a full and thorough analysis of the time and expenses involved in this proceeding.[5]

As stated above, a court's jurisdiction to act as a judicial tribunal in a condemnation proceeding is limited to that which has been conferred by statute. *Pearson*, 159 Tex. at 70, 315 S.W.2d at 938. After reviewing the applicable law, we find no statute authorizing a trial court to award expenses to special commissioners during the administrative phase of a condemnation proceeding. Therefore, we hold that the order granting the Commissioners' recovery of their expenses from the State was an abuse of discretion because the trial court lacked jurisdiction to enter the order.

The State also contends that the recovered expenses are not within the definition of "costs" in a condemnation proceeding. Because we conclude that the Bill of Costs is not an assessment of costs, we do not address whether the requested amounts could have been assessed by the Commissioners as "costs" of the proceeding.

### ADEQUATE REMEDY AT LAW

■ Although we have concluded that the trial court abused its discretion in making the challenged order, an abuse of discretion alone does not warrant the issuance of a writ of mandamus. We must also decide whether the State has "a clear and adequate remedy at law, such as a normal appeal." *Walker*, 827 S.W.2d at 840 (citing *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984)). There is no adequate remedy by appeal only when a party is in danger of permanent deprivation of substantial rights; merely showing that an appeal would involve more expense or delay than obtaining a writ of mandamus does not make an appeal inadequate. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 306 (Tex.1994).

---

4. The Bill of Costs includes a number of allegations relating to the conflicts that arose between the Commissioners and counsel for the State during the administrative phase of the proceeding.

5. Section 21.061 permits a trial court to adopt the special commissioners' findings as the judgment of the court only where no party files objections to the findings. TEX. PROP.CODE ANN. § 21.061 (Vernon 2000). We note that the trial court, in compliance with section 21.061, merely acknowledged the filing of the Award of Commissioners, but entered no order approving it. Although not dispositive, the fact that a different procedure was followed for the Bill of Costs is some indication that the trial court also considered the document as something other an assessment of costs by the Commissioners.

■ The judicial phase of the proceeding is invoked only if, as here, a party files objections to the special commissioners' award. *Pearson*, 159 Tex. at 71, 315 S.W.2d at 938; *Gulf Energy*, 884 S.W.2d at 823. Upon filing objections, the special commissioners' award is vacated, and a trial de novo is conducted. *Elliott v. Joseph*, 163 Tex. 71, 73, 351 S.W.2d 879, 880 (1961); *Amason*, 682 S.W.2d at 242; *see* TEX. PROP.CODE ANN. § 21.018. The case is tried "in the same manner as other civil causes," and the special commissioners' award is inadmissible. *Blasingame*, 800 S.W.2d at 394; TEX. PROP.CODE ANN. § 21.018(b).

■ In the judicial phase, the trial court's actions relating to the administrative phase, as a general rule, become moot. *In re State*, 65 S.W.3d at 387–88. Moreover, any error occurring during the administrative phase that affects the judicial phase typically can be reviewed in the trial de novo. *See, e.g., Tonahill*, 446 S.W.2d at 302 (in trial de novo, can address whether legal description in petition for condemnation is legally insufficient and should be amended); *Blasingame*, 800 S.W.2d at 394–95 (in trial de novo, can review and remedy error in denying discovery in administrative phase). Thus, Texas courts have routinely held that the right to appeal by trial de novo affords a party an adequate remedy for any error occurring in the administrative phase of the proceeding. *E.g., Tonahill*, 446 S.W.2d at 302 (appeal adequate remedy for legally insufficient property description); *City of Bryan v. Moehlman*, 155 Tex. 45, 48, 282 S.W.2d 687, 689 (1955) (appeal adequate remedy if special commissioner disqualified); *Blasingame*, 800 S.W.2d at 394–95 (appeal adequate remedy where trial court quashed subpoenas issued by special commissioners). Typically, mandamus is appropriate only when errors or irregularities before the special commissioners render the proceeding void. *Pearson*, 315 S.W.2d at 939; *Blasingame*, 800 S.W.2d at 394; *but see Gulf Energy*, 884 S.W.2d at 824 (mandamus appropriate where court granted a sixty-day continuance and relator would suffer penalties and other expenses if continuance remained in place). The State does not allege that the trial court's order rendered the administrative proceeding void.

Both Davis and the Commissioners contend that the State's objections to the Commissioners' award vacate the complained-of order. As a result, they argue, the trial court's order is moot, and the State has an adequate remedy by appeal. However, we find no authority suggesting that objections to the special commissioners' award also vacate any monetary recovery granted by the trial court, and we decline to so hold. Therefore, we agree with the State that its objections to the Commissioners' award did not vacate the trial court's order. Furthermore, the order is not moot, as in the cases cited above, because the State must pay the Commissioners before the trial de novo can occur. *See Tonahill*, 446 S.W.2d at 302; *City of Bryan v. Moehlman*, 155 Tex. at 48, 282 S.W.2d at 689; *Blasingame*, 800 S.W.2d at 394–95. Even so, mandamus is appropriate only if requiring payment prior to the trial de novo permanently deprives the State of a substantial right. *Canadian Helicopters*, 876 S.W.2d at 306.

The legislature designed the condemnation statutes to provide a vehicle for a speedy and fair assessment of damages to the landowner. *Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d at 823. The administrative phase of the proceeding provides a means to quickly award just damages to the landowner without the delays that occur in court proceedings. *In re State*, 65 S.W.3d at 386. Therefore, the right to an

expedited hearing during the administrative phase is a substantial right. *Gulf Energy*, 884 S.W.2d at 824. The judicial phase is invoked and a trial de novo is conducted when a party files objections to the special commissioners' award. *See* Tex. Prop.Code Ann. § 21.018(a). The objections "wip[e] out entirely the award of the commissioners and preven[t] any judgment from being entered, based upon such award." *Culligan Soft Water Svc. v. State*, 385 S.W.2d 613, 615 (Tex.Civ.App.-San Antonio 1964, writ ref'd n.r.e.). As a result, damages are determined in the trial de novo after any necessary review of errors occurring in the administrative phase. *E.g., City of Bryan*, 155 Tex. at 48, 282 S.W.2d at 689. The right to an expedited hearing before the special commissioners and the right to a trial de novo for the determination of damages are equally essential to a prompt, fair award in a condemnation proceeding. Therefore, we conclude that the right to a trial de novo is also a substantial right in a condemnation proceeding. *See Gulf Energy*, 884 S.W.2d at 824.

If the State is to comply with the trial court's order in the case at hand, it must first pay the Commissioners and then challenge the order. This circumvents the statutory condemnation scheme that gives the special commissioners exclusive authority to award damages and assess costs, but permits a party to vacate the special commissioners' award by filing objections.

Thus, the order causes the State to forfeit its right to avoid liability for an award made in the administrative phase and proceed to a determination of damages in a trial de novo. An appeal does not provide a mechanism by which that right, once lost, can be recovered. *See Gulf Energy*, 884 S.W.2d at 824. Therefore, the trial court's order permanently deprives the State of a substantial right, and appeal does not provide the State an adequate remedy at law. Accordingly, we conclude that mandamus is appropriate. We therefore direct the trial court to modify its Amended Order Approving Bill of Costs of Special Commissioners dated August 20, 2002 to delete all language requiring that the State make payment to the Commissioners within a certain period of time.

### CONCLUSION

Based on the foregoing, we lift the stay granted by this court on June 11, 2002 and conditionally grant the writ of mandamus. We are confident that the trial court will act promptly to modify its order in accordance with this opinion. The writ will issue only if it fails to do so.

***Writ conditionally granted.***