# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00326-CV

**Charles C. Laidley and Dorothy Laidley, Appellants**

**v.**

**City of San Marcos, Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 11476-C, HONORABLE ANNA M. BOLING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This condemnation case addresses a trial court's discretion to dismiss a condemnee's objections to an award by special commissioners for want of prosecution and to reinstate the special commissioners' award. *See Denton County v. Brammer*, 361 S.W.2d 198, 200-01 (Tex. 1962); *see also* Tex. Prop. Code Ann. § 21.018 (West 2003).

Appellants Charles C. Laidley and Dorothy Laidley, as condemnees, filed objections to a special commissioners' award but did not cause citation to be issued and served on appellee the City of San Marcos for approximately 16 months. Shortly after being served with the citation, the City moved to dismiss appellants' objections and reinstate the award on the ground that appellants did not cause citation to be issued and served within a reasonable time. After a hearing, the trial court granted the City's motion and rendered judgment dismissing appellants' objections for want

of prosecution and reinstating the special commissioners' award. For the reasons that follow, we affirm the trial court's judgment.

## BACKGROUND

*Condemnation Procedure*

Procedure in condemnation cases is governed by chapter 21, subchapter B, of the property code. *See* Tex. Prop. Code Ann. §§ 21.011-.024 (West 2003 & Supp. 2010). Condemnation cases begin with an administrative proceeding and, if necessary, the administrative proceeding is followed by a judicial one. *See City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006) (citing *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex. 1985)). "Condemnation proceedings are administrative in nature 'from the time the condemnor files the original statement seeking condemnation up to the time of the Special Commissioners' award.'" *Id*.

A party to a condemnation proceeding may object to the findings of the special commissioners by timely filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding. *See* Tex. Prop. Code Ann. § 21.018(a) (West 2003). "Upon the filing of objections, the [special commissioners'] award is vacated and the administrative proceeding converts to a judicial proceeding." *Beck*, 196 S.W.3d at 786 (citing *Brammer*, 361 S.W.2d at 200). Although the property code specifies that, when objections are filed, that "the court shall cite the adverse party," the Texas Supreme Court has "clarified that it is incumbent on the objecting party to serve the adverse party with citation of the objections." *See id.* (citing *Amason*, 682 S.W.2d at 242); Tex. Prop. Code Ann. § 21.018(b) (West 2003).

2

After the administrative proceeding converts to a judicial one, the case is tried in the "same manner as other civil cases." *See* Tex. Prop. Code Ann. § 21.018(b). The trial is conducted de novo, and the special commissioners' award is inadmissible at the trial. *In re State*, 85 S.W.3d 871, 876 (Tex. App.—Tyler 2002, orig. proceeding) (op. on reh'g); *see also In re State*, 325 S.W.3d 848, 850-51 (Tex. App.—Austin 2010, orig. proceeding) (generally discussing converting administrative proceeding to "normal case" after objections are filed in condemnation case). However, if the objecting party fails to serve the adverse party with citation within a reasonable time, "the trial court should dismiss the objections for want of prosecution and reinstate the special commissioners' award." *See Beck*, 196 S.W.3d at 786 (citing *Amason*, 682 S.W.2d at 242). The objecting party "must act with reasonable diligence," or the party will be presumed to have abandoned the objections. *Brammer*, 361 S.W.2d at 201. With this background, we turn to the parties' dispute.

*The Parties' Dispute*

In November 2007, the City of San Marcos filed a petition for condemnation, seeking to condemn certain interests of Charles Christopher Laidley, Gina S. Laidley, Frost National Bank, a lienholder, and appellants in real property.[1] The matter was submitted to special commissioners in April 2008. After a hearing, the special commissioners filed their award with the trial court. Appellants thereafter filed objections to the award, contending that the award was insufficient and that the measure of damages employed by the special commissioners was legally erroneous.

_____

[1] Charles Christopher Laidley is the son and Gina S. Laidley the daughter-in-law of appellants.

3

Although appellants' counsel certified that he served a copy of the objections on counsel for the City by certified mail contemporaneously with filing the objections, appellants did not serve the City with citation until August 2009. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.024(b) (West 2008) ("In a suit against an incorporated city, town, or village, citation may be served on the mayor, clerk, secretary, or treasurer."). On September 3, 2009, the City filed a motion to dismiss appellants' objections for want of prosecution and to reinstate the special commissioners' award. The City urged that appellants had failed to secure service of citation within a reasonable time and, therefore, that it was the trial court's duty to dismiss the objections and reinstate the award.

Appellants did not file a written response to City's motion, but their counsel testified at a hearing on the City's motion. He testified concerning his serious health problems during the time period between filing appellants' objections and serving the City with citation. He testified that, during that time period, he was hospitalized for extended periods and that he "was without capacity to do much about [this case]" and "[had] done the best that [he] could." He also testified to an attempt at service in April 2009. After the hearing, the trial court granted the City's motion, signing a final judgment dismissing the objections for want of prosecution and reinstating the special commissioners' award. This appeal followed.

## ANALYSIS

Appellants raise two issues on appeal. They contend that: (i) the trial court erred in dismissing their objections to the special commissioners' award for want of prosecution at a point in time when the City had generally appeared and been served with citation, and (ii) that the trial

4

court erred by dismissing their objections without hearing or taking into account the extenuating circumstances of their counsel's health problems.

We review a trial court's ruling on a motion to dismiss objections to a special commissioners' award under an abuse of discretion standard. *See Brammer*, 361 S.W.2d at 200. A trial court abuses its discretion when it acts unreasonably or in an arbitrary manner or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id*. at 242.

In their first issue, appellants contend that the trial court erred in dismissing their objections for want of prosecution because the City had generally appeared and/or been formally served with citation of appellants' objections. They urge that once the City generally appeared or was served, it was the City's burden to go forward with the case, precluding the dismissal of their objections for want of prosecution. Although a condemnor has the burden of going forward once objections are filed to an award, "it [is] under no legal obligation to do so unless and until it [is] served with citation." *Brammer*, 361 S.W.2d at 200; *see also Beck*, 196 S.W.3d at 786-87 ("The service requirement affords a means for the court to acquire jurisdiction over the party to be served."). A condemnor, however, may waive service of the objections to a special commissioners' award by generally appearing. *See Seals v. Upper Trinity Reg'l Water Dist*., 145 S.W.3d 291, 296 (Tex. App.—Fort Worth 2004, pet. dism'd) (service rendered unnecessary by condemnor's

5

participation in proceeding).  The initial issue then is whether the City generally appeared and, thereby, waived service of citation.

Appellants contend that the City generally appeared in May 2009 by moving to dismiss Charles Christopher Laidley and Gina S. Laidley and settling with them.  The record shows that the City, Charles Christopher Laidley, and Gina S. Laidley filed a joint motion for nonsuit and dismissal of all claims as to Charles Christopher Laidley and Gina S. Laidley.  The trial court granted this motion, signing an agreed order.  In order to waive service by voluntary appearance, however, a filing must seek a judgment or adjudication on some question.  *Id.* at 295.  In the context of the ongoing condemnation proceeding, the joint motion to nonsuit and dismiss claims as to parties other than appellants did not seek either a judgment or adjudication on a question concerning the objections.  *See id.*; *Skaggs v. City of Keller*, 880 S.W.2d 264, 266 (Tex. App.—Fort Worth 1994, writ denied) (city's filing of notice of deposit and depositing funds with court was not "appearance" in condemnation proceeding for all purposes and did not waive citation of objections to award); *see also* Tex. R. Civ. P. 162 (effect of dismissal or nonsuit on pending claims generally).  We conclude then that the City did not generally appear and, thereby, waive service of citation as to appellants' objections by jointly filing the motion to nonsuit and dismiss claims as to parties other than appellants.

Appellants also contend that once the City was served with citation in August 2009, that the trial court no longer had discretion to dismiss their objections or reinstate the special commissioners' award.  In essence, appellants argue that, once citation was served on the City, the trial court was without discretion to reinstate the special commissioners' award whether or not

appellants acted with "reasonable diligence" in serving the City with citation. *See Brammer*, 361 S.W.2d at 201. To support this contention, appellants quote a sentence in *State v. Carlton*, as well as similar statements in other cases, that "once objections are filed and citation is served on the condemnor, 'the Special Commissioners' award cannot be reinstated." *See* 901 S.W.2d 736, 738 (Tex. App.—Austin 1995, no writ).

In *Carlton*, the issue on appeal was whether the condemnee could withdraw his objections and unilaterally cause the special commissioners' award to be reinstated after several years of "extensive discovery and eleven days before trial." *Id*. at 737. This Court held that he could not, stating that, after service of citation, the state was "entitled to rely on the objections as placing in issue the subject of the objections without filing objections of its own." *Id*. at 740. In contrast, the City here does not seek to rely on the objections and filed its motion to dismiss shortly after being served with citation. The timeliness of service of citation also was not at issue in *Carlton*: the condemnee filed his objections to the special commissioners' award and caused citation to be served on the state on the same day. *Id*. at 737. Viewed in context then, the quoted sentence in *Carlton* does not limit a trial court's discretion—upon a finding that the condemnee did not act with "reasonable diligence" in serving the citation—to dismiss a condemnee's objections for want of prosecution. *See Brammer*, 361 S.W.2d at 201.

Similar to the quoted sentence in *Carlton*, the supreme court in *Amason* stated that a special commissioners' award could not be reinstated "[o]nce the service of citation on the condemnor is accomplished." *See* 682 S.W.2d at 242. The issue before the supreme court, however, also did not concern whether the objecting party had failed to serve citation within a reasonable

amount of time. In that case, the condemnor waived service of citation, and the issue was whether the cause could be reinstated on the docket after the trial court dismissed the cause for want of prosecution almost a year after service was accomplished. *Id.* at 243. The supreme court held that the trial court properly dismissed the cause for want of prosecution but that the special commissioners' award should not have been reinstated because the condemnor bore the burden of going forward with the case after it was served with citation. *Id.*; *see also Musquiz v. Harris County Flood Control*, 31 S.W.3d 664, 667 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (distinguishing between dismissing landowner's objections to special commissioners' award for want of prosecution and dismissing condemnor's cause of action for want of prosecution and stating that "[w]hen the landowner does not secure service on the condemnor within a reasonable period of time, the trial court should consider the objection abandoned and dismiss the 'objection' for want of prosecution").

Appellants have failed to cite authority, and we have found none, that would support limiting the trial court's discretion based upon the fact that the City was served with citation prior to the City's filing of the motion to dismiss. Appellants did not serve the City with citation for over a year, the City did not have the burden of taking action prior to being served with citation, and the first action taken by the City after being served was to promptly file its motion to dismiss. *See Brammer*, 361 S.W.2d at 200. On this record, we cannot conclude that the trial court abused its discretion by granting the motion to dismiss appellants' objections to the special commissioners' award even though the City at that point had been served with citation. We overrule appellants' first issue.

In their second issue, appellants contend that the trial court erred by dismissing their objections without hearing or taking into account the extenuating circumstances of their counsel's health problems. Appellants urge that this is particularly so because the City had actual notice of their objections when they were filed and did not suffer any prejudice by virtue of the delay in formal service. The record, however, shows that the trial court received evidence concerning the health problems of appellants' counsel before ruling on the City's motion. Appellants' counsel testified at the hearing on the City's motion as to his health problems, including that he had been hospitalized for extended time periods between filing the objections and serving the City with citation and that, during that time period, he "was without capacity to do much about [this case]" and "[had] done the best that [he] could." The trial court then did hear and consider evidence of the health problems of appellants' counsel before ruling on the motion.

Further, in the context of a civil suit, when a defendant complains of lack of diligence in service of citation, a plaintiff "must explain what steps he took to obtain service, not explain why he did nothing." *Slagle v. Prickett*, No. 08-09-00211-CV, 2011 Tex. App. LEXIS 5302, at *10-11 (Tex. App.—El Paso July 13, 2011, no pet. h.); *see Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 49-51 (Tex. App.—San Antonio 1999, pet. denied) (when proffered excuse does not involve diligence in attempting to effectuate service, explanation not valid); *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169-70 (Tex. App.—Texarkana 1997, no writ) ("An excuse of diligence must involve diligence to seek service of process."). Moreover, a party generally may not rely upon the failure of its chosen counsel as an excuse for lack of diligence to secure service. *See Weaver*, 942 S.W.2d at 170 (party "cannot rely upon any failure on the part of [his] chosen attorney

as diligence or an excuse for lack of diligence, because the acts of one's attorney is imputed to the client").

As to counsel's attempt to secure service on the City prior to August 2009, he testified that he "presented a check for $70" in April 2009 to obtain service but that "a lawyer . . . said that it couldn't be served unless it had a cover letter requesting service" and that "[a]s soon as [counsel] could do so, [he] got [his] daughter to type up the letters—the letters that [the lawyer] seemed to want, paid about $270—$280 and got service upon the requisite parties."[2] The trial court reasonably could have found that counsel's offered explanation of one attempted service prior to actual service in August 2009 did not support a finding that appellants acted with "reasonable diligence" in serving the City with citation and, therefore, that appellants had abandoned their objections to the special commissioners' award. *See Brammer*, 361 S.W.2d at 200. We overrule appellants' second issue.

**CONCLUSION**

Because we conclude that the trial court acted within its discretion by dismissing appellants' objections for want of prosecution and reinstating the special commissioners' award, we affirm the trial court's judgment.

---

[2] The trial court sustained an objection to a portion of this testimony on the basis of hearsay. *See* Tex. R. Evid. 801, 802.

10

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   September 21, 2011