**Opinion issued February 27, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00860-CV

————————————

**ADRIENE SIBLEY, Appellant**

**V.**

**PORT FREEPORT, Appellee**

---

**On Appeal from the County Court at Law No. 3 & Probate Court
Brazoria County, Texas
Trial Court Case No. CI61616**

---

## MEMORANDUM OPINION

Appellee Port Freeport initiated an eminent domain proceeding to acquire fee simple title to a tract of land in Brazoria County, Texas to be used for expansion of its facilities. A panel of three court-appointed special commissioners adjudicated the case administratively, awarding $14,000.00 for the property.

Appellant Adriene Sibley filed objections to the commissioners' award, converting the case into a judicial proceeding to be heard by the trial court *de novo*. The trial court set the case for trial. Sibley did not appear for trial and the trial court rendered a post-answer default judgment.

Sibley now appeals from the trial court's judgment in favor of Port Freeport. She argues (1) the trial court lacked subject matter jurisdiction because the special commissioners did not issue notice of the condemnation hearing as required by Section 21.016 of the Property Code and she was not served with the notice of hearing, (2) the special commissioners lacked jurisdiction to condemn the mineral estate of the property because the mineral estate was excluded in Port Freeport's petition for condemnation, (3) the trial court abused its discretion by concluding that the sole issue before the court was compensation due the landowners for the condemned property, and (4) the trial court lacked jurisdiction because of an "issue of title."

We affirm the trial court's judgment.

## Background

Port Freeport ("Port") filed an original statement and petition for condemnation against the known and unknown heirs of Anna Laura Rossaw seeking to acquire fee simple title to a tract of land in Brazoria County, Texas

("Property") for expansion of the Port's facilities.[1]  The Property consisted of a vacant lot in Freeport, Texas identified in the petition as:

> Lot Thirteen (13) in Block Seven (7), Freeport Townsite in the City of Freeport, Brazoria County, Texas, according to the map or plat thereof recorded in Volume 2, Page 95 of the Plat Records of Brazoria County, Texas.

The Port "excluded from the estate to be condemned all the oil, gas and sulfur which can be removed from beneath the Property . . . ."  The Port did not name Sibley in the original petition as a person with an interest in the Property.

Pursuant to Section 21.014 of the Texas Property Code, the trial court appointed three special commissioners "to assess damages occasioned by the condemnation of Defendants' property[.]"[2]  Sibley filed a petition in intervention alleging she had an ownership interest in the Property.  In an amended petition in intervention, Sibley alleged she had an undivided two-fifths interest in the Property.  In both her original and amended petitions in intervention, Sibley

---

[1]  *See* TEX. PROP. CODE § 21.012(a) ("If an entity with eminent domain authority wants to acquire real property for public use but is unable to agree with the owner of the property on the amount of damages, the entity may begin a condemnation proceeding by filing a petition in the proper court.").

[2]  Section 21.014 of the Texas Property Code provides in part:

> The judge of a court in which a condemnation petition is filed or to which an eminent domain case is assigned shall, not later than the 30th calendar day after the petition is filed, appoint three disinterested real property owners who reside in the county as special commissioners to assess the damages of the owner of the property being condemned . . . .

TEX. PROP. CODE § 21.014(a).

identified her address as 4808 Fairmont Pkwy #101, Pasadena, Texas 77505, and her email address as Adrienesibley77@gmail.com. The physical address is a post office box.

The Port filed its first amended statement and petition for condemnation identifying Sibley, nineteen other individuals and taxing authorities, and an attorney ad litem for the unknown owners of the Property as potentially having an interest in the Property. Like the original petition, the amended petition specifically excluded the mineral estate from the Property being acquired.[3]

The special commissioners set a hearing for July 30, 2021. The Port sent notice of the hearing to Sibley by certified mail at the post office box Sibley identified as her address in her petitions for intervention. The Port also attempted personal service on Sibley by sending a process server to the residential address Sibley identified in her filings in the case. In addition, the Port electronically served Sibley at the email address she used for her court filings and for communications with the Port's counsel. Finally, the Port served Sibley through citation by publication.

The special commissioners held a hearing on July 31, 2021, as scheduled. Sibley did not attend. Following the hearing, the special commissioners issued a

_____

[3]  The description of the Property is the same in the Port's original and first amended statement and petition for condemnation.

4

Decision and Award ("Award") awarding the defendant landowners $14,000 in damages for the Property as identified in the Port's petition. The Award states:

> (1) We assess the damages to be paid by Plaintiff for the condemnation in the total amount of $14000.00 and we do award these damages to Defendants. (2) We award to Plaintiff all rights described and prayed for in Plaintiff's First Amended Statement and Petition for Condemnation.

The Award of the special commissioners was filed with the trial court with notice to the clerk of the court. The clerk was directed to "send notice of the Decision and Award as provided in Section 21.040 of the Texas Property Code" to the parties including "Adrienne Sibley [at] 4808 Fairmont Parkway #101, Pasadena, Texas, 77505."

One month later, on August 21, 2021, Sibley filed written objections and exceptions to the Award, arguing, among other things, that she had "not been properly served with the Notice of Commissioners Hearing" and that she had not entered an appearance in the case. Sibley acknowledged in her objections that her interest in the Property included the interests of two individuals, Eddie Lewis and Dushay Lewis, who she stated had been "properly served." She argued that the special commissioners had not applied "the correct measure of damages" to determine the compensation to which she was entitled for the Property and the "oil, gas and sulfur beneath the surface." Sibley requested a jury trial to determine "just and adequate compensation."

5

The Port deposited the $14,000 award amount into the registry of the court. Several of the named defendants moved to withdraw portions of the award proportionate to their undivided interest in the Property. Sibley did not join in their motions or separately move to withdraw funds. The trial court set the motions for hearing. No response or objections were made to any of the motions to withdraw, which the trial court subsequently granted.

The Port served written discovery on Sibley on December 16, 2021. The Port served Sibley with requests for admissions, including a request that Sibley admit the "Special Commissioners issued a *Notice of Hearing* to defendants stating the time, date, and place of the hearing." (Emphasis in original.) The record lacks any indicia that Sibley responded to the requests for admission.[4]

---

[4] The Port asserts in its brief that Sibley did not respond to the discovery and the trial court's findings of fact state the same. Sibley claims in her reply brief that she was not served with requests for admissions, but according to the certificate of service on the request for admissions, she was served via electronic service and certified mail, return receipt requested at the physical and email addresses provided on Sibley's petition in intervention. Sibley says she "did not open the email the [sic] contained the Request for Admissions therefore Sibley never received the admissions and had no duty to respond therefore the admissions cannot be the support that Sibley admitted that the Commissioners issued the notice of hearing." To the extent Sibley argues that she received but did not open the request for admissions, she was effectively served with them when they arrived electronically, regardless of whether she opened the email. *See Stettner v. Lewis & Maese Auction, LLC*, 611 S.W.3d 102, 106 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (holding attorney's month-long delay in opening email sent on June 29 "does not show that he did not receive notice" of summary judgment motions on June 29). *See also* TEX. R. CIV. P. 21a(b)(3) ("Electronic service is

6

On September 2, 2022, the trial court mailed a notice to all parties of record, including Sibley, stating the case was set for trial on October 17, 2022.[5] Sibley emailed the court on October 13, 2022, stating she had filed timely objections to the Award, but that "no citation was requested, served or waived by the Port." She claimed the trial court judge had "recused from the case" and that the "Administrative stage ha[d] not ended." The trial court responded via email that same day, explaining that "[n]o voluntary recusal was made and no Motion to Recuse was filed" and further that the "Objection to the Award end[ed] the administrative phase of the condemnation case" and no citation was required. The court concluded by stating the case was set for trial on October 17, 2022.

Sibley did not appear for trial and the trial court entered a post-answer default judgment.[6] The trial court entered findings of fact and conclusions of law. In its findings of fact, the trial court found Sibley had filed a petition in intervention, lawful notice of the special commissioners' hearing had been provided to the named defendants, and Sibley had "timely filed objections to the [A]ward, converting th[e] proceeding into a judicial case." In its conclusions of

---

complete on transmission of the document to the serving party's electronic filing service provider.").

[5] The trial court also emailed Sibley on October 11, 2023, stating the case was set for trial on October 17, 2022 at 9 a.m.

[6] Sibley states in her supplemental reply brief that she did not attend trial because "the trial court lacked jurisdiction over the proceedings."

7

law, the trial court concluded that Sibley had "invoked th[e] Court's jurisdiction by filing objections to the award, and the matter [was] properly before [the court]." It further concluded that by failing to object to withdrawal of the funds from the court's registry, the "Defendants [had] waived any objection to the Court's jurisdiction," and that "the sole issue [before the court] in th[e] condemnation case [was] compensation due to the landowners."[7]

The trial court entered its final judgment on October 24, 2022. The trial court awarded the Property to the Port, reserved to the defendants "all the oil, gas and sulfur which can be removed from beneath the Property," and awarded $14,000 to the defendants.

Sibley now appeals from the final judgment.

## Applicable Law

### A. Condemnation Proceedings

Texas condemnation proceedings consist of two separate phases: one administrative phase and one judicial phase. *In re Lazy W Dist. No. 1*, 493 S.W.3d 538, 542 (Tex. 2016); *Harris Cnty. Fresh Water Supply Dist. No. 61 v. Magellan Pipeline Co., L.P.*, 649 S.W.3d 630, 633 n.2 (Tex. App.—Houston [1st Dist.] 2022, pet. denied) ("In Texas, condemnation proceedings are conducted in two phases— an administrative phase, and, if necessary, a judicial phase.") (citing *City of Tyler*

---

[7]     The appellate record does not contain a reporter's record from the trial.

*v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006)).  During the administrative phase, the trial court appoints special commissioners to conduct a hearing, gather evidence, and determine "just compensation for the landowner."  *In re Lazy W Dist. No. 1.*, 493 S.W.3d at 541.  The special commissioners then submit their award to the court.  This process "is essentially an official, compulsory mediation of the value dispute with the goal of avoiding a trial."[8]  *Id.* at 542.

The second phase, the judicial portion, commences "following a proper objection to the commissioners' award."  *Id.* at 543.  The filing of "timely objections invokes the jurisdiction of the trial court and transforms the administrative proceeding into a pending cause."  *John v. State*, 826 S.W.2d 138, 141 n.5 (Tex. 1992) (citing *Pearson v. State*, 315 S.W.2d 935, 937 (Tex. 1958)); *see also Magellan Pipeline*, 649 S.W.3d at 633 n.2 ("Any party dissatisfied with [the special commissioners'] award may file an objection, which begins the judicial phase of the proceeding.").  During the judicial part of a condemnation proceeding, the special commissioners' award is vacated and the trial court conducts a trial *de novo* "in which the entire case is presented as if there had been no previous trial."  TEX. R. CIV. P. 506.3; *see also In re State*, 85 S.W.3d 871, 876

---

[8]  Sibley's petition in intervention was filed during the administrative phase of the proceeding.  In that respect, it appears her filing was improper.  *See Patrick Media Grp., Inc. v. Dall. Area Rapid Transit*, 879 S.W.2d 375, 377 (Tex. App.—Eastland 1994, writ denied) (observing that Texas Rule of Civil Procedure 60, which governs interventions, does not apply to administrative phase of condemnation proceedings).

(Tex. App.—Tyler 2002, no pet.) (citing *Elliott v. Joseph*, 351 S.W.2d 879, 880 (Tex. 1961)). Objections "wip[e] out entirely the award of the commissioners and preven[t] any judgment from being entered based upon such an award." *Enbridge Pipelines (E. Tex.) L.P. v. Saratoga Timber Co., Ltd.*, No. 13-14-00381-CV, 2017 WL 2807382, at *2 (Tex. App.—Corpus Christi–Edinburg June 29, 2017, no pet.) (mem. op.) (quoting *In re State*, 85 S.W.3d at 877).

It is well-settled that in condemnation proceedings, "the right to appeal by trial de novo affords a party an adequate remedy for any error occurring in the administrative phase of the proceeding." *In re State*, 85 S.W.3d at 876. "The Texas Supreme Court has long held that the right of appeal and trial de novo affords a party adequate relief for any errors occurring in the proceedings before the special commissioners 'up to and including the award of the special commissioners.'" *City of Dall. v. Martin*, 711 S.W.2d 285, 287 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (citing *Tonahill v. Gulf States Utils. Co.*, 446 S.W.2d 301, 302 (Tex. 1969)).

## B. Service of Notice of the Hearing

Section 21.016(d) of the Property Code governs the provision of notice of a special commissioners' hearing. It provides that notice may be served:

(1) by delivering a copy of the notice to the party or to the party's agent or attorney;

(2)     if the property being condemned belongs to a deceased's estate or to a minor or other legally disabled person and the person or estate has a legal representative, by delivering a copy of the notice to the legal representative; or

(3)     if the property being condemned belongs to a nonresident of this state and there has been no personal service on the owner, if the identity or the residence of the property owner is unknown, or if the property owner avoids service of notice by hiding, by publication in the same manner as service of citation by publication in other civil cases in the district courts or county courts at law.

TEX. PROP. CODE § 21.016(d).

## Discussion

## A.     Special Commissioners' Hearing

In her first issue, Sibley argues the special commissioners lacked jurisdiction over her and her two-fifths interest in the Property because the commissioners did not issue the notice of hearing as required by Texas Property Code Section 21.016(a), she was not served with the notice of hearing as required by Section 21.016(b), and she "did not intentionally waive the notice of the hearing." Consequently, she argues, the Award is void. And because the Award is void, there was no condemnation to appeal to the trial court and thus her (own filed) objections to the special commissioners' Award were "invalid and did not invoke the . . . jurisdiction of the trial court."

We do not have jurisdiction to decide moot issues. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). When Sibley filed her

11

objections to the special commissioners' Award, the Award was vacated and annulled, and the trial court acquired jurisdiction to hear the case *de novo* "as if there had been no previous trial." *Id.* At that moment, any error that occurred during the administrative phase became moot. *See In re State*, 85 S.W.3d at 876 ("In the judicial phase, the trial court's actions relating to the administrative phase, as a general rule, become moot. Moreover, any error occurring during the administrative phase that affects the judicial phase typically can be reviewed in the trial de novo.") (citations omitted); *see also PR Invs. & Specialty Retailers, Inc. v. State*, 251 S.W.3d 472, 476 (Tex. 2008) (observing that after objections are filed and proceeding becomes judicial, "the proceedings that occurred before the special commissioners are not considered, and the case is tried to the [trial] court de novo.").

Thus, to the extent Sibley complains on appeal about any non-jurisdictional procedural defect pertaining to the special commissioners' hearing, we hold those issues are moot and not properly before this Court. *See City of Hous. v. Bankers Mortg. Co.*, 514 S.W.2d 326, 328 (Tex. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.) (holding that after objections to special commissioners' award are filed, county court's jurisdiction "could not be defeated by the showing of [a non-

jurisdictional] irregularity in the proceedings before the Special Commissioners");[9] *cf. Gioffredi v. Retreat at Riverstone*, No. 01-21-00627-CV, 2022 WL 17981570, at \*6 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. denied) (mem. op.) (holding after county court's de novo review of justice court's judgment, "[a]ny non-jurisdictional errors or irregularities in the Justice Court became a nullity, and any challenge based on such errors or irregularities is moot").

## B. Trial de Novo

### 1. Sibley's Objections are Valid

Sibley timely filed objections to the commissioners' Award. Thus, the condemnation proceeding entered the judicial phase, the Award was set aside, and subject matter jurisdiction was conferred on the trial court to conduct a trial *de novo*. *See In re State*, 85 S.W.3d at 876. In addition, when Sibley filed her objections, the trial court acquired personal jurisdiction over her. *See Beck*, 196 S.W.3d at 787 (noting parties who filed objections to special commissioners' award invoked judicial process "and the court acquired *in personam* jurisdiction over them"); *Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 179 (Tex. 2004) ("Any party may object to the special commissioners' findings, and if

---

[9] A previous version of the condemnation statute was in effect when *City of Hous. v. Bankers Mortg. Co.*, 514 S.W.2d 326, 328 (Tex. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.) was decided, but its holding is pertinent here.

there are objections, 'the court shall cite the adverse party and try the case in the same manner as other civil causes.'") (citing TEX. PROP. CODE § 21.018).

Sibley argues that her objections were invalid and did not invoke the trial court's jurisdiction because the Property was not condemned in the administrative proceeding and thus, she had no "statutory authority" to file objections to the special commissioners' award. Sibley's argument is premised on her contention that the special commissioners did not issue the notice of hearing or serve Sibley with notice of the hearing, as required. She argues that as a result of these deficiencies, the trial court lacked jurisdiction over the dispute and its judgment is void.

We are not aware of any exceptions to the rule that properly filed objections to a special commissioners' award ends the administrative phase and confers both subject matter and personal jurisdiction on the trial court. Nor has Sibley cited any authority that refutes this rule.[10] On the contrary, at least one appellate court has held that once objections are filed, they cannot be withdrawn. *See State v. Carlton*, 901 S.W.2d 736, 738 (Tex. App.—Austin 1995, no writ) ("[O]nce objections are filed and citation is served on the condemnor, 'the Special Commissioners' award cannot be reinstated.'") (quoting *Amason v. Nat. Gas Pipeline Co.*, 682 S.W.2d

---

[10] The only authorities Sibley cites in support concern proper notice or service of a condemnation suit.

240, 242 (Tex. 1985)).[11, 12] Moreover, as discussed below, we reject Sibley's contentions that she was not properly served. We thus reject Sibley's arguments that her filed objections were invalid. We hold the trial court had jurisdiction over Sibley and over the proceeding.

### 2. Lack of Service

Sibley argued in her objections that she was "not properly served with notice" of the special commissioners' hearing. Assuming without deciding that Sibley's service arguments are properly before this Court, Sibley's arguments are not meritorious.

According to Sibley, it is "undisputed and the evidence in the Clerk's Record shows . . . that Sibley was not served with proper notice of hearing[.]" The Port argues it served Sibley with the notice of the hearing electronically and via

---

[11]   In *State v. Carlton*, 901 S.W.2d 736 (Tex. App.—Austin 1995, no writ), the condemnee moved the trial court to withdraw the objections to the special commissioners' award he filed two and a half years earlier. *Id.* at 737. The trial court dismissed the objections and rendered judgment on the special commissioners' award. *Id.* The court of appeals reversed and remanded, holding that "a condemnee who contests the special commissioners' award by filing objections may not withdraw such objections and unilaterally cause the award to be reinstated after service of citation on the condemnor." *Id.* at 740.

[12]   However, if the objecting party does not serve the opposing party with citation of the objections within a reasonable time, "the trial court should dismiss the objections for want of prosecution and reinstate the special commissioners' award." *City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006). There is no allegation here that Sibley's objections were not properly or timely served on the Port.

certified mail, return receipt requested at the email address and physical address Sibley used when she appeared in the case by filing a petition in intervention.[13, 14] The Port also attempted twice to deliver service through a process server. On May 27, 2021, the process server was sent to the Fairmont Parkway address in Sibley's petition in intervention, only to learn the address was at a mailbox store. The process server stated in his affidavit that he "[s]poke to employee who stated [Sibley] has an active box but does not come here very often." And on June 2, 2021, a process server was sent to an address that Sibley later used in her objections to the special commissioners' determination. There, the process server spoke to a male "who refused to identify himself and stated [Sibley does not] live here. He refused to answer my questions and closed the door on me." Finally, the Port asserts it served Sibley through citation by publication.

Sibley does not cite any portion of the record to support her argument that she was not properly served via publication. Indeed, the record supports the Port's argument that Sibley was served through publication. Sibley argues in her reply brief that

---

[13]    *See* TEX. R. CIV. P. 57 ("A party not represented by an attorney shall sign his pleadings, state his address, telephone number, email address, and, if available, fax number." ).

[14]    Although the certificates of service state Sibley was served electronically and/or by certified mail, return receipt requested, the Port states in its brief that Sibley was served in both manners.

16

> Sibley disputed that Sibley was served with notice of hearing via publication and the record shows that the unknown heirs were served by publication and Sibley is a named defendant therefore Sibley was not served by publication.

This argument lacks merit.

Service by publication is appropriate in four alternative circumstances. It applies when (1) the property being condemned belongs to a nonresident of this state and there has been no personal service on the owner, (2) the identity of the property owner is unknown, (3) the residence of the property owner is unknown, or (4) the property owner avoids service of notice by hiding. TEX. PROP. CODE § 21.016(d)(3). While options (1) and (2) are not applicable here, options (3) and (4) were implicated. Sibley states in her reply brief that she "did not receive notice of hearing by certified mail and [she] did not open or refused to sign for any certified mail sent to a mail service that was an incorrect address." After attempting service on the address Sibley identified in her petition in intervention, the process server attempted to deliver the notice of hearing at the address Sibley identified in subsequent pleadings. He was told at the door of the second address that Sibley did not live there. Thus, either Sibley avoided service of notice at the correct address, or her residence was unknown. Either way, service by publication was appropriate. *Id.*

We conclude Sibley was properly served by publication with the special commissioners' hearing.[15]

### 3. Improper Notice

Sibley argues that the notice of hearing was defective because the statute requires the commissioners to issue the notice. Because the notice was issued by the Port and not the commissioners, Sibley argues the notice was deficient. Sibley's argument is based on Section 21.016(a) of the Texas Property Code, which provides:

> Each party in an eminent domain proceeding is entitled to written notice issued by the special commissioners informing the party of the time and place of the hearing.

TEX. PROP. CODE § 21.016(a).

Sibley did not complain in the trial court, as she does on appeal, that the notice of the commissioners' hearing was flawed because it was issued by the Port

---

[15] We disagree with the Port's contention that service of the notice of hearing was deemed admitted by Sibley's failure to respond to requests for admissions. The Port served Sibley with requestions for admissions. In one request, the Port requested Sibley admit that the "*Notice of Hearing* was served on [Sibley] through the email address listed on [Sibley's] pleadings filed in this case, Adrienesibley77@gmail.com." Section 21.016 of the Property Code does not identify service via email as a proper method of service of notice of a special commissioners hearing, so the request cannot result in a deemed admission that service was properly effected. *See* TEX. PROP. CODE § 21.016(d); *cf. Boyter v. MCR Constr. Co.,* 673 S.W.2d 938, 941 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (holding request for admission of inadmissible opinion may not be deemed admitted); *Powell v. City of McKinney*, 711 S.W.2d 69, 70 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (holding request for admission that is not relevant to material issues of fact cannot support summary judgment).

and not "by the special commissioners."[16]  The issue was thus not preserved for our review.  *See Seiler v. Intrastate Gathering Corp.*, 730 S.W.2d 133, 137–38 (Tex. App.—San Antonio 1987, no writ) (noting that when objections to special commissioners' award are filed, "[i]t is at this point that a condemnee must assert challenges to the condemnor's authority to condemn, and jurisdictional irregularities in the procedure as well as contesting the amount of damages awarded."), *overruled on other grounds* by *Schumann v. City of Schertz*, 100 S.W.3d 361 (Tex. App.—San Antonio 2002, no pet.).

Any error that occurs during the administrative phase that affects the judicial phase "typically can be reviewed in the trial de novo." *In re State*, 85 S.W.3d at 876 ("Texas courts have routinely held that the right to appeal by trial de novo affords a party an adequate remedy for any error occurring in the administrative phase of the proceeding.").  But any perceived defect in the administrative phase must be objected to in the trial court, or it is waived. *Anderson v. Clajon Gas Co.*, 677 S.W.2d 702, 704 (Tex. App.—Houston [1st Dist.] 1984, no writ) ("Procedural irregularities in proceedings before the commissioners must be challenged on direct appeal at the trial court level.  They are waived if not properly preserved for appellate review.") (citing *PGP Gas Products v. Fariss*, 620 S.W.2d 559 (Tex.

---

[16]  Sibley stated in her objections, "The Special Commissioners had no authority to adjudicate the interest of the Defendant that was not properly served with notice of hearing and the proceeding is ineffectual as to the interest of the Defendant."

1981)); *see also Holloway v. Matagorda Cnty.*, 686 S.W.2d 100, 101 (Tex. 1985) ("Complaints as to procedural irregularities in a condemnation case 'must be preserved at the trial court level by motion, exception, objection, plea in abatement, or some other vehicle.'") (citing *PGP Gas Products*, 620 S.W.2d at 560).

Because Sibley did not object in the trial court to the manner of issuance of the hearing notice, she waived her issue. *See PGP Gas Products, Inc.*, 620 S.W.2d at 561 (holding objections to procedural irregularities in administrative proceedings may be waived).

We overrule Sibley's first issue.

## C. The Description of the Property

In her second issue, Sibley argues the Award "did not assess damages or condemn the property interest that was described in the Port's Amended Statement and Petition for Condemnation," and that the Port has "'taken' unlawful possession of fee simple title to the property including the mineral estate[.]"[17]  Sibley's complaint apparently stems from the background section of the Award, which

---

[17]  Sibley objected in the trial court that the commissioners "failed to determine adequate compensation to which the Defendant is entitled for the Defendant's oil, gas and sulfur beneath the surface that the Plaintiff specifically condemn[s] in the petition . . . because the appraisal evidence specifically state[s] that the valuation of any mineral estate is excluded from the valuation of the real property[.]"

states the Port "sought to condemn fee simple title to a tract of land" and described the Property as

> Lot Thirteen (13) in Block Seven (7), Freeport Townsite in the City of Freeport, Brazoria County, Texas, according to the map or plat thereof recorded in Volume 2, Page 95 of the Plat Records of Brazoria County, Texas.

We do not believe the background section of the Award, which describes the appointment of the special commissioners and the hearing, reflects the special commissioners' ruling. Rather, the special commissioners' ruling in the Award states:

> We hereby state in writing as required by law the amount of damages due to Defendants by reason of Plaintiff's condemnation as follows: (1) We assess the damages to be paid by Plaintiff for the condemnation in the total amount of $14000.00 and we do award these damages to Defendants. (2) We award to Plaintiff all rights *described and prayed for in Plaintiff's First Amended Statement and Petition for Condemnation.*

(Emphasis added.) The Port's first amended statement and petition for condemnation described the property and expressly

> . . . excluded from the estate to be condemned all the oil, gas and sulfur which can be removed from beneath the Property without any right whatsoever remaining to the owner of such oil, gas and sulfur of ingress or egress to or from the surface of the Property for the purpose of exploring, developing, drilling, or mining of the same.

Thus, contrary to Sibley's argument, the Property's mineral estate was excluded from the special commissioners' Award.

More to the point, when Sibley filed her objections to the Award, the objections "wip[ed] out entirely the award of the commissioners and preven[ted] any judgment from being entered based upon such an award." *Enbridge Pipelines*, 2017 WL 2807382, at *2 (quoting *In re State*, 85 S.W.3d at 877).   Thus, even had the Award improperly disposed of the Property's mineral estate, the Award was vacated and there is thus nothing for us to review as it concerns the Award.

We overrule Sibley's second issue.

**D.     The Trial Court's Determination of Compensation**

In its Conclusion of Law No. 13, the trial court concluded:

As there is no challenge to the powers and rights of [Port] to acquire the property being taken, the sole issue in this condemnation case is compensation due to the landowners.

In her third issue, Sibley argues the trial court abused its discretion in determining the sole issue in the case was compensation.[18]

In support of her argument, Sibley argues the Port cannot prove that notice of the special commissioners' hearing was properly issued and served on her, that the condemnation proceeding was lawful or that the trial court had jurisdiction over her and her two-fifths interest in the Property.  Sibley states that the clerk's record supports her argument, but she cites only to the special commissioners' decision, the trial court's findings of fact and conclusions of law, the notice of the

---

[18]     Sibley does not complain on appeal about the amount of the compensation awarded by the trial court.

22

special commissioners' hearing, and the affidavit of the process server, none of which supports her argument. We have already disposed of Sibley's arguments regarding notice, service, and jurisdiction, so we need not revisit them.

Sibley also complains about the trial court's Conclusion of Law No. 11, which states in part:

> [B]y withdrawing the award proceeds from the Registry of the Court, or having notice of the motions to withdraw, by allowing these withdrawals, Defendants have waived any objection to the Court's jurisdiction in this matter.

Sibley argues that because the condemnation of her interest in the Property was void, she had no reason to object to the withdrawal of funds from the court's registry.[19] She further argues that she was not served with the motions to withdraw funds. Because the clerk's record does not include the motions, we cannot ascertain whether Sibley was served with them. However, we presume she was. "[A]bsent a complete record on appeal, [the court of appeals] must presume the omitted [items] supported the trial court's judgment." *See Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 371 (Tex. 1997) (quoting *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 122 (Tex. 1991)); *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) (same).

---

[19] Sibley argues she had "no justiciable interest" in the funds deposited in the court registry because the commissioners' condemnation of the Property was void.

23

Regardless, Sibley did not request amended or additional findings of fact or conclusions of law in the trial court. She thus waived the right to complain about the trial court's findings and conclusions on appeal. *Chatterjee v. Banerjea*, No. 05-18-01035-CV, 2019 WL 3886655, at *4 (Tex. App.—Dallas Aug. 19, 2019, no pet.) (mem. op.) (citing *Dall. Morning News Co. v. Bd. of Trustees of Dall. Indep. Sch. Dist.*, 861 S.W.2d 532, 538 (Tex. App.—Dallas 1993, writ denied)); *see also Smith v. Smith*, 22 S.W.3d 140, 150 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("By failing to request additional findings and conclusions, Mr. Smith waived his right to complain on appeal about any error he assumes the court made."); *cf. Williams v. Gillespie*, 346 S.W.3d 727, 732 (Tex. App.—Texarkana 2011, no pet.) ("When findings of fact are obtained, they define and limit the issues upon which [an appellate] court can affirm."); *Univex Int'l, Inc. v. Morrow*, No. 05-91-00008-CV, 1992 WL 5634, at *1 (Tex. App.—Dallas Jan. 10, 1992, no writ) (not designated for publication) ("The parties' failure to timely request additional findings of fact and conclusions of law that will support their theory of recovery constitutes waiver and presents nothing for the appellate court to review on appeal.").[20]

---

[20] *See also Occidental Chem. Corp. v. ETC NGL Transp., LLC,* 425 S.W.3d 354, 367 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd) ("[W]here a party fails to request additional or amended findings after the court files its original findings, the party waives the right to complain on appeal that the findings were not full and

We note there is no reporter's record from the trial in the appellate record. Thus, we presume it would have supported the trial court's judgment. *See In re Guardianship of Berry*, 105 S.W.3d 665, 667 (Tex. App.—Beaumont 2003, no pet.) ("Absent a reporter's record of the trial . . . we must presume that the missing record supports the trial court's ruling."); *Sanadco Inc. v. Hegar*, No. 03-14-00771-CV, 2015 WL 4072091, at *2 (Tex. App.—Austin July 3, 2015, no pet.) (mem. op.) ("Without a reporter's record, we have no way to determine what evidence, if any, was adduced at the hearing and, therefore, whether the trial court abused its discretion. . . . We therefore assume the underlying proceeding was properly conducted and that sufficient evidence supported the trial court's decision."); *cf. In re United Prod. & Const. Services, Inc.*, No. 14-10-00023-CV, 2010 WL 454948, at *1 (Tex. App.—Houston [14th Dist.] Feb. 11, 2010, no pet. (mem. op.) ("Absent a reporter's record of the hearing, we must presume the evidence before the trial court was adequate to support its denial of relator's motion to dismiss for forum non conveniens.").

We overrule Sibley's third issue.

## E.    Issue of Title

Sibley argues for the first time in her supplemental reply brief that the trial court lacked subject matter jurisdiction because of an "issue of title." While issues

complete or that the court failed to enter additional findings of fact.") (citation omitted).

25

generally must be raised in an opening brief, jurisdictional challenges cannot be waived and may be raised for the first time in a reply brief. *See Rusk State Hosp. v. Black*, 379 S.W.3d 283, 287 (Tex. App.—Tyler 2010) (considering trial court's jurisdiction, which appellant challenged for first time in reply brief), *aff'd*, 392 S.W.3d 88 (Tex. 2012); *City of Hous. v. Hous. Firefighters' Relief & Ret. Fund*, 196 S.W.3d 271, 276 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (same). We thus consider Sibley's jurisdictional argument.[21]

Sibley argues the trial court lacked jurisdiction over the condemnation proceeding because the trial court adjudicated an "issue of title," which Brazoria County's county courts at law lack jurisdiction to consider and must transfer to a district court. *See* TEX. PROP. CODE § 21.002 ("If an eminent domain case is pending in a county court at law and the court determines that the case involves an issue of title or any other matter that cannot be fully adjudicated in that court, the judge shall transfer the case to a district court.").

The record does not indicate that the trial court adjudicated an issue of title in its trial *de novo*. Neither Sibley's objections to the Award nor her petition in intervention referred to an issue of title. Indeed, in its Conclusion of Law No. 13, the trial court concluded that compensation for the Property was the only issue before the trial court:

---

[21] We grant Sibley's motion for leave to file a supplemental reply brief.

As there is no challenge to the powers and rights of [Port] to acquire the property being taken, the sole issue in this condemnation case is compensation due to the landowners.

We thus conclude an "issue of title" was not before the trial court.[22]

We overrule Sibley's fourth issue.

### Conclusion

We affirm the trial court's judgment.

Veronica Rivas-Molloy
Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.

---

[22] Sibley appears to rely on a docket entry in support of her argument. But the docket entry to which she refers does not indicate that an issue of title was resolved in the trial court. And because do not have a reporter's record, we cannot ascertain whether an issue of title was addressed during trial.

27